IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

WILLIAM LEN RAINEY §
(PLAINTIFF) §
§
v. § CIVIL ACTION:
§
LORI DAVIS, DIRECTOR, TDCJ-CID § 1-17CV-114
(RESPONDENT(s)) §

## MOTION FOR STAY OF PROCEEDING

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, William L. Rainey, pro se, and Respectfully moves this Honorable Court to file this Protective Petition in this Federal Court and thereafter requests this Court to STAY these current proceedings in this prisoners § 2254 claims, and in support thereof would show the following:

### I.
### REQUEST TO STAY

Plaintiff requests that this Court take No further actions pertaining to the enclosed § 2254 Petition other than: 1) File for Judicial Review and 2) to hold it and STAY these proceedings and place them in ABEYANCE.

3) In the interest of Justice, the Respondents should not be served with a show cause order at this time.

4) Plaintiff asks this Court to consider the time frame he had to file Writ of Certiorari to the Supreme Court of the United States and the "extraordinary circumstances" described herein.

## II. BACKGROUND PROCEDURAL HISTORY

1) Plaintiff was sentenced to LIFE on September 23, 2013. Notice of Appeal was timely filed.

2) Appeal was filed without Constitutional Issues requested by Plaintiff.

3) Direct Appeal was affirmed on September 30, 2015 by the 11th Court of Appeals in Eastland Texas. Plaintiff then filed a PDR on Feb. 05, 2016

4) Plaintiff timely filed Petition for Discretionary Review, on issues presented to 11th COA, which was refused on April 13, 2016

5) On June 7, 2016 State Post Conviction for Relief (PCR) 11.07 was signed, dated and mailed to the 91st Dist. Court and filed June 13, 2016 (WR:68,056-08)

6) WR:68,056-08 was received Aug. 1, 2016 and "dismissed" on September 28, 2016
   A. The States Highest Court notified applicant concluding:
   "Conviction Not Final, Mandate not issued at time application was filed in Trial Court. See Ex Parte Johnson 12 SW 3d 472 (Tx Cr. Ap 2000)"

7) On or about Oct 7, 2016 Plaintiff petitioned 11th COA to issue a mandate
   A. Mandate was issued Oct. 12, 2016 allowing State PCR application to be filed.

8) On or about December 20, 2016 Plaintiff's second PCR 11.07 application was mailed and was filed December 27, 2016 (WR:68,056-10). Plaintiff's typed and properly spaced memorandum exceeded 50 pages. Motion For Leave to Exceed Page Limits was filed and DENIED. Plaintiff was not given permission to Correct the issue

9) On 2-15-17 Plaintiff filed a "Motion to Amend" the 12-27-16 application in the 91st District Court.
   A. Simultaneously and Unbeknownst to the parties WR:68,056-10 was "dismissed" for Non-Compliance of T.R.A.P 73.1 (memorandum exceeded 50 pages) by the Court of Criminal Appeals.

10) Upon Notification of "dismissal" by white card on or about Feb. 28, 2017 plaintiff contacted family requesting purchase and refiling of previously filed 12-27-16 PCR
    A. A third 11.07 PCR application was filed on March 3, 2016

10) B. Plaintiffs compliant memorandum was mailed and filed on March 13, 2017

11) ON APRIL 7, 2017 Plaintiff received Notice that: the Clerk of the District Court submitted his March 3, 2017 and all filings thereafter as "Supplemental Clerk's Records" to the dismissed cause WR: 68,056-10

12) Upon Notification of Clerical Error a letter/motion was sent to the Court of Criminal Appeals describing Clerical Error and requesting status
   A. A response was received May 8, 2017 confirming applicants March PCR was not under review and to see what was filed I would have to contact the State Law Library.

13) Plaintiff filed a Writ of Mandamus on May 24, 2017 asking Court to have the District Clerk resubmit the 11.07 application, memorandum & appendix.

14) On June 21, 2017 the Court of Criminal Appeals: denied without written order Motion for Leave to file the Original Application for Writ of Mandamus

15) Assuming a jurisdictional matter plaintiff sought mandamus relief from the 11th COA on July 5, 2017 and was denied July 7, 2017

16) On July 24, 2017 Plaintiff filed a Motion for Reconsideration and Resubmission of Applicants March 3, 2017 and all subsequent filings. The Motion as of this date is still pending. Plaintiff has not received confirmation of filing or an Order from the Court

17) Plaintiff is diligently seeking to give the States Highest Court "one complete round" to fairly and fully address the Constitutional issues raised in his § 2254 application.

18) Plaintiff now seeks STAY and ABEYANCE of these § 2254 Habeus proceedings so that the exhaustion requirements may be met.

   STATE Exhaustion has been diligently pursued in Wr No: 68,056-08, and WR: 68,056-10 and by his March filings

3 of 6

## III.

## APPLICABLE LAW

Plaintiff respectfully requests this Honorable Court to consider whether STAY is appropriate in the instant case. Considering if this Honorable Court finds that the March 3rd 2017 filing was not a "properly filed" application stopping the AEDPA clock, then Plaintiff has only approximately 10 (ten) days remaining of his One-Year "AEDPA" limitation.

> "... One-year limitation that generally runs from the date on which the judgement of conviction becomes final...: Finality attatches when this Court affirms a conviction on the merits ... or when the time for filing a certiorari petition expires"
> Clay v US, 537 US 522, 123 S.ct. 1072 (2003)

Calculation for "AEDPA" limitation for Federal Review is by "State" file dates. However, there runs a substantial risk, it may come to late for Plaintiff effectively ending any chance of Federal Review by virtue of the One-Year AEDPA limitation period if Plaintiff has to:

A) obtain funds to purchase copies from State Law Library and/or,
B) Rewrite and resubmit another State Application for Writ of Habeus Corpus

Considering, propriety of Stay in this cause, Plaintiff has presented at least (5) Constitutional Errors including but not limited to:

A) Actual Innocence based upon New and Undisclosed Evidence by his trial counsel
B) Inneffective Assistance of Counsel including failure to present a defense
C) Brady Violation - denial of due process withholding TDFPS, Discovery info.
D) T.C.C.P. Art 38.37's unconstitutional application
E) Double Jeopardy
F) Denial of right to Confront and Cross-Examine witnesses

of the claims presented to the State Court, none have been "fully" and/or "completely" exhausted by the States Highest Court, for a ruling on the merits of the claims as of the date of this filing.

Plaintiff contends his March 3, 2017 was a "properly filed" application and the clerical error is beyond his control, thereby Plaintiff has good cause for failure to exhaust the aforementioned claims. Furthermore Plaintiff's claims are not plainly meritless and this Honorable Court has discretion to grant stay and abeyance as shown. See 28 USC § 2244(d)(2)

Rhines v Weber, 544 US 269 (2005)
McQuiggin, Warden v Perkins, 509 US ___ (2013)
Davis v Alaska, 415 US at 318, 94 Sct 1111

The U.S. Supreme Court noted that an option for prisoners unsure of whether their Habeas Corpus petition will be timely filed is to file a "Protective Petition" in Federal Court and to ask the Federal Court to STAY and ABEY the Federal Habeas proceedings until remedies are exhausted

Pace v Di Guglielmo, 544 US 408, 416  125 Sct 1807 (2005)

## Conclusion

It is well established that a prisoner seeking a writ of Habeus Corpus must exhaust his State remedies before seeking Federal Relief. In this instance, Plaintiff is presenting this "Protective Petition" as a layman, pro se, having not slept on his rights, but pursued them diligently. Trial Court err and circumstances beyond prisoners control have impeded petitioners exhaustion efforts. IN each instance, Plaintiff acted expeditiously, incarceration considered, to research, obtain and pursue exhaustion prior to filing this protective petition. Now petitioner requests these proceedings be placed in STAY and ABEYANCE pending Texas Court of Criminal Appeals action and/or one complete round conclusion

# PRAYER

WHEREFORE, premises considered, Plaintiff William Leo Rainey prays this Honorable Court GRANT the STAY of proceedings, place them in Abeyance where the STATES highest court may be afforded one complete round or opportunity to make rulings on the issues brought before them.

Respectfully Submitted

*William Rainey*

William Rainey
TDCJ # 1885507
3060 FM 3514
Beaumont, Tx 77705

Executed on July 25th, 2017

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS ABILENE DIVISION

Ex Parte,  
WILLIAM LEN RAINEY  §  
  §  CIVIL ACTION:  
V  
LORI DAVIS, DIRECTOR, TDCJ-ID  §

## ORDER FOR STAY

Comes Now, for consideration, the Plaintiffs request to STAY these proceedings and hold them in ABEYANCE. Wherefore Plaintiff can give the Texas Court of Criminal Appeals one full opportunity to address the questions and issues presented in applicants writ before proceeding.

IT IS THEREBY ORDERED, that this Motion/Protective Petition shall be considered and in the Interest of Justice said motion is Hereby:

_____ GRANTED     _____ DENIED

Further ORDERED a copy of this Order shall be sent to the Plaintiff, by the Clerk of the Court

Executed on this _____ day of _____, 2017

_____  
Judge Presiding