IN THE UNITED STATES DISTRICT COURT

For the NORTHERN DISTRICT of TEXAS

ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

2017 AUG 18  AM 10: 47

DEPUTY CLERK

WILLIAM RAINEY
    Petitioner

V

LORIE DAVIS, DIRECTOR TDCJ
    Respondent

Civil No: 1:17-CV-114-BL

---

MEMORANDUM IN SUPPORT OF PETITION FOR

WRIT OF HABEUS CORPUS PURSUANT TO 28

U.S.C. § 2254

---

ON APPEAL from the Texas Court of
Criminal Appeals, Austin Texas
and the
11th Court of Appeals at Eastland, Texas

---

William Rainey
Stiles Unit # 1885507
3060 FM 3514
Beaumont Tx
    77705
Pro Se Representation

Request for Oral Argument in and through appointed counsel
This case presents important questions regarding the
Actual Innocence in a he said/she said case where
complete explanation and legal argument should be
made by a trained attorney and his client. This
case involves Constitutionality of Law, Due Process
and Procedural Law as well as a Jury Charge
error necessary of discussion. This case
denied Rainey the most basic ingredients of Due Process
Law.

APPELLANTS OPENING BRIEF _ _ _ _ _ _ Cover

Certificate of Interested Parties - _ _ _ _ (a)
   ORAL ARGUMENT _ _ _ _ _ _ (b)
TABLE OF AUTHORITIES . _ _ _ _ _ (d)1-3

STATEMENT OF JURISDICTION _ _ _ _ _ (e)

STATEMENT OF THE ~~~~ ISSUES _ _ _ (f)

STATEMENT OF ~~~~ THE CASE _ _ _ -(g)

STATEMENT OF FACTS _ _ _ _ _ (h)
   SUMMARY OF THE ARGUMENT _ _ _ (i)
STANDARD OF REVIEW _ _ _ _ _ -1-

   ISSUE ONE _ _ _ _ _ -2-

   ISSUE TWO _ _ _ _ _ -8-

   REMAINING ISSUES _ _ _ _ -16-

   Conclusion _ _ _ _ _ -19-

   Certificate of Service _ _ _ _ -20-

   Appendix:

# TABLE OF AUTHORITIES

FEDERAL Circuit Cases

Albuquerque v. Bara, 628 F.2d 767, 772-73 (2d Cir. 1980) ___ 18
Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1991) ___ (e)
Betran v. Cockrell, 294 F.3d 730 (5th Cir. 2002) ___ 13
Brown v. Smith, 551 F.3d 424 (6th Cir. 2008) ___ 7
Cobb v. Wainright, 666 F.2d 967 (5th Cir. 1982) ___ 7
Day v. Quarterman, 566 F.3d 527, 528 (5th Cir. 2009) ___ 11
Gary v. Lynn, 6 F.3d 265 (5th Cir. 1953) ___ 14
Glascoe v. Betzy, 421 F.3d 543, (2005) ___ 16
Goodwin v. Johnson, 132 F.3d 162, 174 (5th Cir. 1997) ___ 15
Miller v. Dretke, 420 F.3d 356, 362 (5th Cir. 2005) ___ 12
Nevers v. Killinger, 169 F.3d at 361 (6th Cir. 1999) ___ 2
Pemberton v. Collins, 991 F.2d 1218, 1225 (5th Cir. 1993) ___ 7
Pyles v. Johnson, 136 F.3d 986 (5th Cir. 1998) ___ 4
Schrader v. Whitley, 904 F.2d 282, 285 (5th Cir. 1990) ___ 7
Smith v. Dretke, 417 F.3d 438 (5th Cir. 2005) ___ 13
Stanley v. Bartley, 465 F.3d 810 (7th Cir. 2006) ___ 13
Tucker v. Prelesnik, 181 F.3d 747 (6th Cir. 1999) ___ 12
US v. Brown, 571 F.3d 492 (2009) ___ 16, 17
US v. Chronic, 839 F.2d 1401 (10th Cir. 1998) ___ 12
US v. Cyprian, 197 F.3d 736, 740 (5th Cir. 1999) ___ 6
US v. Delgado, 631 F.3d 685, 689 (5th Cir. 2011) ___ 6
US v. Holly, 942 F.2d 916 (5th Cir. 1991) ___ 16
US v. Michelena-Orivio, 719 F.2d 738 (5th Cir. 1983) ___ 6
US v. King, 917 F.2d 181, 183 (5th Cir. 1990) ___ 8
Virgil v. Dretke, 446 F.3d 598, 608 (5th Cir. 2006) ___ 14

SUPREME COURT CASES

Alcorta v. Texas, 355 US 28, 78 S.Ct. 103 (1959) ___ 19
Arizona v. Fulminante, 499 US 279, 310, 111 S.Ct. 1246, 1265 (1991) ___ 10
Bell v. Cone, 535 US 685, 122 S.Ct. 1843 (2002) ___ 1, 10,
Braden v. 30th Jud. Cir. Court of Kentucky, 410 US 484, 488-89, 93 S.Ct. 1123 (1973) ___ (e)
Brady v. Maryland, 373 US 83 (1963) ___ 18
Brecht v. Abrahamson, 113 S.Ct. 1710 (1993) ___ 9, 12
Carey v. Musladin, 127 S.Ct. 649, 656 (2006) ___ 1
Carmell v. Texas, 120 S.Ct. 1620 ___ 16
Coker v. Georgia, 433 US 584 (1977) ___ 19

Supreme Court Cases cont'd

Coleman v Alabama, 90 Sct. 1999 (1970) — — — — —11

Crane v Kentucky, 106 Sct. 2142 (1986) — — — — - 18

Crawford v. Washington, 541 US 36 (2005) — — —16

Darden v Wainright, 477 US 168, 181 (1986) — — — —5, 19

Edwards v Carpenter, 529 US 446, 120 Sct. 1587, 1591 (2000) - — —18

Estelle v McQuire, 502 US 62 (1991) — — — —12

Evitts v Lucey, 469 US 387, 105 Sct 830 (1985) — — — —15

Francis v Franklin, 471 US 311, 105 Sct 1965 (1985) - — —6, 17

Gregg v Georgia, 428 US 153 (1976) — - 19

Herrera v Collins, 506 US 390 (1993) — —5

House v Bell, 126 Sct 2064 (2006) — — —2, 7

In re Oliver, 333 US 257, 68 Sct 499 (1948) — — — - 14, 15

In re Winship, 397 ul 363, 364 — — — —6, 17

Johnson v Mississippi, 486 US 578 (1988) — — — 19

Jones v Barnes, 463 US 574 (1983) — — — —15

Kotteakos v US, 328 US 750, 66 Sct. 1239 (1946) . — —12

Kyles v Whitley, 514 US 419 (1995) — — — —6, 18

Lockyer v Andrade, 538 US 63, 76 (2003) — — — —1

McQuiggin v Perkins, 185 L Ed 2d 1019 (2013) — — - .7

Miller-El v Cockrell, 537 US 322 (2003) - — — —1, 7

Napue v Illinois, 360 US 264, 79 Sct 1173 (1959) - — —19

Neder v US, 527 US 1, 7, 119 Sct 1827, 1833 (1999) — — — — — we████ 10

Panetti v Quarterman, 127 Sct. 2842 (2007) — — — — —1

Picard v O'Connor, 404 US 270, 278, 92 Sct. 509, 513 (1971) - — — — —(h)

Roberts v Lavallee, 389 US 40, 88 Sct. 194 (1967) — — — — —(h)

Polk v Connecticut, 302 US 319, 325 (1937) - — — — —5

Rock v Arkansas, 107 Sct 2704 (1987) — — — —14

Rompilla v Beard, 545 US 374, 345-396 — — — — —14

Schlup v Delo, 513 US 298, 115 Sct 851 - — — — —2, 4, 7

Smith v Robbins, 528 US 259, 285 (2000) — — — —15

Strickland v Washington, 466 US 668 (1984) - — — — —1, 8, 9, 15

Strickler v Greene, 119 S Ct 1936 (1999) — — — —18

Sullivan          508 US 280, 113 Sct. 2078 - — — —18

US v Bagley, 105 S Ct 3375, 3380 (1985) - — — — —18

Washington v State of Texas, 388 US 14, 87 Sct 1920 (1967) - — —14

(d) 2

Supreme Court Cases cont'd

Weaver v Graham, 101 S.Ct. 1960 (1981) _ _ _ _ _ _ . 16
Wiggins v Smith, 539 US 510 (2003) _ _ _ _ _ _ _ 2
Williams v Taylor, 529 US 362, 120 S.Ct 1495 (2000) _ _ _ _ 1,2,13

Texas Cases

Belcher v State, 974 Sw3d 840 _ _ _ _ _ _ _ _ 16
Kimberlin v State, 877 Sw2d 828 _ _ _ _ _ _ _ 5

28 U.S.C. § 2254 (a) _ _ _ _ _ _ _ _ 1
                    (d)(1)(A) _ _ _ _ _ _ 10,
                    (d)(1)(2) _ _ _ _ _ _ _ 1
                    (e)(1)                 1

United States Constitution
        Amendment FIVE _ _ _ _ _ _ _ 6,19
                    SIX _ _ _ _ _ _ 12,14,19
                    Eighth _ _ _ _ _ 19
                    Fourteenth _ _ _ _ _ 17,6,19

APPENDIX
        T.C.C.P. Art. 38.37 (history)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

---

WILLIAM RAINEY,
    Petitioner

VS

Civil No: 1:17-CV-114-BL

LORIE DAVIS, DIRECTOR
Texas Dept. of Criminal Justice,
    Respondent

---

MEMORANDUM IN SUPPORT OF
PETITION FOR WRIT OF HABEUS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WILLIAM RAINEY, Petitioner, pro se, and respectfully moves this Honorable Court pursuant to 28 U.S.C. § 2254 to issue a writ of habeus corpus directing the respondent to release him from custody. This § 2254 petition is timely filed under § 2244 (d)(1)(A)

## I.
### STATEMENT OF JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 2241 to entertain a petition for writ of habeus corpus. See *Barden v Keohane*, 921 F.2d 476 (3rd Cir. 1991), *Braden v 30th Judicial Circuit Court of Kentucky*, 410 US 484, 488-89, 93 S.ct. 1123 (1973)

## II.
### STATEMENT REGARDING ORAL ARGUMENT / Evidentiary Hearing

Oral Argument in an Evidentiary Hearing through counsel appointed to Petitioner would significantly assist the Court as this case presents important questions regarding the Constitutionality of Law, Due Process and Procedural Law as well as the Actual Innocence of the Petitioner.

(e)

ISSUE: Constitutional Error deprived Rainey and the jury of critical factual evidence that would establish a compelled outcry, victim recantation and show that Petitioner is actually innocent.

ISSUE: The sentence and conviction is unconstitutional because his trial counsels performance fell below a reasonable standard of effective representation.

ISSUE: The sentence and conviction is unconstitutional because Rainey was denied due process when the trial court admitted an extraneous offense resulting in an Ex Post Facto Violation.

ISSUE: The sentence and conviction is unconstitutional because Rainey was denied due process when the prosecutor withheld favorable evidence

ISSUE: The sentence and conviction is unconstitutional because Rainey was denied the right to confront and cross-examine his accussers

ISSUE: The sentence and conviction is unconstitutional because Rainey was exposed to double jeopardy

ISSUE: The sentence and conviction is unconstitutional because the jury charge error constructively amended the indictment and allowed for a non-unanimous verdict

(f)

: December 30, 2011
  Complainant makes an outcry of sexual abuse
: November 2013
  Indictment Filed. Petitioner charged with Indecency with a child by contact (CR3)
: September 21-23, 2013
  Trial begins... Petitioner found guilty by jury. Sentenced to LIFE (CR 88)
: October 9, 2013
  Notice of Appeal Filed
: December 2013
  Appeal Filed
: September 30, 2015
  Appeal Affirmed
: February 05, 2016 - April 13, 2016
  Petitioner for Discretionary Review Filed. Dismissed
: JUNE 13, 2016, WR-68,056-08
  Writ of Habeus Corpus Filed with State complete with Memorandum and Appendix.
: August 1, 2016, WR-68,056-08
  Writ "Dismissed": "Conviction not Final Mandate not issued..."
: October 12, 2016
  Mandate issued by 11th Court of Appeals * Appx "A"
: December 27, 2016, WR-68,056-10
  Writ of Habeus Corpus ReFiled with Motion to Exceed Page Limits for Memorandum * Appx "A"
: February 15, 2017, WR-68,056-10
  Writ "Dismissed": Non-compliance with T.R.A.P. 73.1
: February 15, 2017, WR-68,056-10
  Motion to Amend WR-68,056-10 filed in District Court. Notice of Dismissed had not been received.
: March 3, 2017 - March 13, 2017
  Writ of Habeus Corpus re-filed in District Court followed by a "compliant" memorandum
: April 3, 2017, WR-68,056-10 * Appx "B 1" and "B 2"
  Notification received that Clerk sent March 3-13 filings as a "Supplemental Clerks Record"
: May 8-24, 2017
  Letter and Writ of Mandamus to Correct Error Filed with Tx. Court of Criminal Appeals * Appx "C"
: June 21, 2017, WR-68,056-11
  Mandamus-Denied: Motion for Leave to File Mandamus not given
: June 5-7, 2017
  Mandamus Relief Sought in 11th Court of Appeals. DENIED
: JULY 31, 2017 * Appx "D"
  Motion for Reconsideration and Refiling of Writ of Habeus Corpus Filed in 91st Dist Court.

ON or about Sept. 21, 2011, petitioner was arrested for Assault Family Violence. Raineys children are removed by TDFPS. A termination of Raineys Parental Rights begins. Rainey subsequently pleads guilty to Assault and Failure to Register, receives 20 months in State Jail. Raineys children are split up and placed in foster care, a TDFPS investigation is ongoing. These facts are relevant to the underlying facts of the ontery and to the reasons why certain parties for the defense, Denver/Alice Rainey, would not testify.

Raineys wife files for divorce, seeks sole custody, Grandparent Denver/Alice Rainey Intervenors, receive sole custody and refuse to testify at trial for fear of losing children.

## Exhaustion of Remedies

Raineys first attempt to give the Texas Court of Criminal Appeals was PD-1625-15 Raineys Petition for Discretionary Review wherein Rainey expressed: (See pg "i") "Cumulative Errors - numbers 3-14, 89 - Were the cumulative errors so meritorious, review is necessary?" The errors raised in petitioners writ were also raised in the PDR, pages 1-2, 7-15.

Raineys second attempt was filed in the Tx. Court of Criminal Appeals and dismissed because the 11th Court of Appeals failed to file a Mandate after the April 13, 2016 PDR decision. This is not the petitioners fault and the Court could have stayed the writ until mandate was issued but chose to dismiss it entirely See WR-68,056-08

Raineys third attempt was filed and again Dismissed due to a procedural default for non-compliance. Rainey requested to correct the error and the Court could have demanded Rainey correct the error rather choosing to dismiss the application entirely. See WR-68,056-10

Raineys fourth attempt was filed in the 91st District Court on March 3rd and 13th, 2017 Wherein Rainey re-filed his State 11.07 application and submitted a compliant memorandum. Although the Clerk received notification of the dismissal of WR-68,056-10 and a refiled application and memorandum, the clerk submitted them as "supplemental records to WR-68,056-10" and has refused to correct the error. The Texas Court of Criminal Appeals was notified and refused to correct the error or review the application. See WR-68,056-11 and 2/27/2017 Pro Se letter and 4/17/2017 Pro Se letter to the Tx. Court of Criminal Appeals (See Docket WR-68,056-10) Petitioner also filed two separate Motions for Evidentiary Hearing and a Memorandum in Support to expand the record. Evidentiary hearing has not been granted. The Supreme Court has held in Roberts v Lavallee, 389 US 40, 88 S. Ct. 194 (1967) that repetitious appeals applications to state courts are not required when defendant has already exhausted his remedies to the State Courts. Petitioner contends the federal claims have been fairly presented to the State Courts and the exhaustion requirement is satisfied. See Picard v Connor, 404 US 270, 278 92 S Ct 509, 513 (1971)

1. Appendix

After reviewing the Evidence it is more likely than not that no reasonable juror, in pursuit of the truth of the matter, would have found petitioner guilty beyond a reasonable doubt. The verdict in this case rests solely upon either: (a) the reliability and truthfulness of the complainant or (b) the extraneous offense and character evidence. The most damaging evidence against Rainey is the argument by the State that Rainey is a child molesting monster, a convicted sex offender who molested another child and its time for this jury to send a message.

There are no medical findings, no physical evidence and the child oftentimes merely nods to the States leading questions. On cross the child testifies she felt compelled after her Aunt, foster parent, told her twice, to come forward and say her dad touched her. Voluminous TDFPS evidence, Counseling and Forensic Interview Records as well as mental health medical records exist to substantiate her claim but were withheld from the jury by Petitioners' attorney.

Counsel for the Petitioner admitted he could not effectively cross-examine and decided after speaking privately to the Asst. Dist. Attorney to abandon his client rather than present evidence as agreed.

The petitioner was not given a fair trial. The jury, trial court and counselors were confused by a jury charge that related to the extraneous offense. The trial court failed to wholly correct the charge and it is impossible to tell which testimony or act of touching the juror individually chose to convict the petitioner or if the juror was inflamed in his passions by the testimony and closing arguments of the prosecutor.

As a result Rainey's Constitutional Rights have been violated and the conviction and sentence should be vacated or remanded for a New trial with protective orders.

A FEDERAL COURT may grant habeus relief to a prisoner incarcerated on a State conviction only if the petitioner demonstrates that he is in custody in violation of the Constitution of or the law of the United States. 28 USC § 2254 (a)

Relief should be granted when the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Bell v Cone, 535 US 685, 122 S ct 1843 (2002); 28 U.S.C. § 2254 (d)(1)(2)

The U.S. Supreme Court expounded on its analysis of 28 USC 2254 (d):
   AEDPA does not require State and Federal Courts to wait for some nearly identical factual pattern before a legal rule must be applied. Carey v Musladin, 127 S ct 649, 656 (2006)
   Nor does AEDPA prohibit a Federal Court from finding an application of a principle unreasonable when it envolves a set of facts "different from those of the case in which the principle was announced." Lockyer v Andrade, 538 US 63, 76 (2003)
   The Statute recognizes, ... even a general standard applied in an unreasonable manner. See e.g. Williams v Taylor, 529 US 362 ... (finding a State court decision both contrary to and involving an unreasonable application of the standard set forth in Strickland v Washington, 466 US 668 (1984), Panetti v Quarterman, 127 S ct 2842 (2007)

In addition, the application of 28 USC § 2254 (d) (2) was discussed in Miller-El v Cockrell, 537 US 322 (2003):
   Factual determinations by State courts are presumed correct absent clear and convincing evidence to the contrary § 2254 (e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the State court proceeding [citations omitted]. Even in the context of Federal habeus, deference does not imply abandonment or abdication of judicial review. Deference by definition does not preclude relief. A Federal Court can disagree with a State courts credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.

Under the "unreasonable application clause", a federal habeas court may grant the writ if:

1) the State court identifies the correct governing legal principle from the courts decision but unreasonably applies that legal principle to the facts of the prisoners' case. See *Williams v Taylor*, 529 US 420, 120 S ct 1495, 1522-23 (2000) or

2) if it concludes the State courts decision was so offensive to existing precedent, so devoid of record support or so arbitrary, as to indicate that it is outside the universe of plausible credible outcomes " *Nevers v Killinger*, 169 F 3d at 361 (6th Cir 1999)

Finally, if a legal issue has not been considered by the State court, this court must review it de Novo. *Wiggins v Smith*, 539 US 510 (2003)

## ISSUE

Petitioner avers that Constitutional Error deprived the jury of critical factual evidence that would establish a compelled oulery, victim recantation and show that Petitioner is actually innocent, resulting petitioner was denied a fair trial and his conviction should be reversed.

## STANDARD OF REVIEW

*Schlup v Delo*, 513 US 298, 115 S ct 851. To proceed through the Schlup gateway, a petitioner must present a credible claim of actual innocence. This requires petitioner show and support his allegations of constitutional error with new reliable evidence -- whether it be Exculpatory Scientific evidence, Trustworthy Eyewitness accounts, or Critical Physical evidence that was not presented at trial. Id at 354

The Supreme Court explained the proper review lower courts should undertake in this situation: The Carrier standard set forth in Schlup, is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioners showing.. the district court is not bound by rules of admissibility, that would govern at trial. Instead, the emphasis is on "actual innocence" allowing the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. The habeas court must make its determination.. in light of all the evidence, including that alleged to have been... wrongly excluded. Id at 327-28

The standard does not require absolute certainty about the petitioners guilt or innocence, nor is the mere existence of sufficient evidence to convict, outcome determinative. Rather the standard is a probabilistic one that requires a petitioner to show upon consideration of the new evidence "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" Id at 330. See also *House v Bell*, 126 S ct 2064 (2006)

-2-

The Texas Court of Criminal Appeals in Austin, Texas committed reversible error when it twice dismissed petitioners claims of Constitutional error and later denied review of Raineys Article 11.07 writ of habeas corpus filed March 3, 2017, memorandum filed seperately March 13, 2017

In Ground one, Rainey showed the habeas court that; the child complainant testified to wit "After speaking with her Aunt [Lisa Darley, foster parent] on or about December 2011, that she decided she would go forth and say that her dad touched her" (RRv4p63) and that "everyone was upset and fighting" and so they were led in a "Bible study" by Lisa. Then, ...her Aunt "took her out by the bathroom" apparently away from the other children [the complainants siblings and cousins] and "we talked about it." (RRv4p63-65) and afterwards, "she felt compelled to agree with her Aunt [Lisa Darley] (RRv4p66)

Rainey introduced to the habeas courts in his Appendix, filed with WR-68,056-08, -10, Texas Dept. of Family and Protective Services (TDFPS) records and other documentary evidence which substantiates the child was more likely than not bullied, pressured or compelled to make the allegation. See TDFPS Exhibits "A-J". The TDFPS records include: Forensic Interview and Proffessional Counseling notes and Medial records spanning from September 2011 through February 2012 and reveal:

1. The child repeatedly DENIED any sexual abuse by William Rainey prior to living in the Darley residence.

2. TDFPS investigators "RULED OUT" any sexual abuse of the complainant by William Rainey based on their investigation (TDFPS Ex "C")

3. The child routinely complained of physical, emotional and mental abuse by family at the Darley home after her placement there. (TDFPS Ex's D-F)

4. The child was suicidal and severely depressed due to her placement immediately prior to the outcry (TDFPS Ex's F1-F7)

5. The child RECANTED and DENIED any sexual abuse after being placed in another foster home to a L.P.C.. Also that Lisa Darley stated she could no longer care for the complainant post-outcry.(Ex"J")

6. The records reveal numerous inconsistencies with State witness testimonies (Exhibits A-J) and

7. The records reveal numerous witnesses able to be interviewed or supeonaed by the defenses counsel.

Rainey argued that the Habeus evidence, Forensic, Counseling and Medial records, revealing the repetetive DENIAL of Sexual Abuse by the complainant, combined with her own testimony suggesting a "compelled" outcry and her post-outcry recantation to her counselor, substantially outweighs the States evidence of guilt beyond a reasonable doubt.

The child testified, merely nodding to the States leading questions (RRv4pp 37-39) then on cross-examination that she changed her mind AFTER talking to her Aunt Lisa, that Lisa told her she needed to tell TWICE. (RRv4pp6365). The childs propensity to please adults and make numerous false or inconsistent statements, is the foundational strength of the States Case or proof beyond a reasonable doubt.

Furthermore, the complainant testified that she remembered speaking "to a lady named Robbin" and in that forensic interview Robbin Seabourn notes she DENIED any sexual abuse. TDFPS Ex. "B" showed that on 9-21-11, TDFPS took custody of the child and took her to the Forensic Interview at the Childs Advocacy Center. Wherein, the complainant states "William Rainey has never tried to molest her" and that she was "never left alone" with him. Rainey explained to the Court that the jury never saw nor heard of this evidence due to Ineffective Assistance of Counsel, and the States attempt to hide the material by failing to disclose it.

Rainey also showed the Court that the TDFPS documentation contained a list of witnesses available to be supoenaed and "having Knowledge of relevant facts" and that he provided some of this same information to his attorney. Amonst these witnesses were:

: Robbin Seabourn ~ Forensic Interviewer of the complainant
: Shawna Bass, L.P.C. ~ complainants counselor
: Vickie Copeland, L.P.C. ~ complainants counselor
: Richard Connell, PhD, ~ conducted psychological exam on complainant
: Duane Miller, M.D. ~ Acadia Abilene, provided mental health treatment to complainant
: LaDawna Rainey ~ Mother and only other adult present at place of incident
: Alex Rainey ~ Older Brother present at foster home at time of outcry.

Rainey contends, if the TDFPS records or the creators thereof had been presented to the jurors as agreed (ARC 4 p 90) then the beyond a reasonable doubt standard could not have been met. Any decision made, without the fairness of this impeaching and exculpatory evidence denies both Rainey and the jurors a fair trial. Considering the evidence it is more likely than not that no reasonable juror would have found the petitioner guilty beyond-a-reasonable doubt. Schlup Id a' 537

In Ground one, Rainey showed the habeus court ample evidence to meet the aforementioned standard, including but not limited to : Evidence wrongly excluded at trial by trial counsels ineffective assistance and/or evidence trial counsel failed to review or obtain through investigation and/or evidence wrongly withheld by the State. Thus the Texas Court of Appeals decision is both an unreasonable determination of the facts in light of the habeus evidence submitted (Appendix) that confirms the complainant more likely than not was compelled and which certainly rebuts the only testimony contributing to Raineys guilt. Moreover the evidence clearly shows the child was severely depressed, medicated and living in a hostile enviroment, at least up unto the time of her outcry. Combined with her testimony the evidence clearly calls into question the reliability and credibility of the complainant. Add to that the fact Mr. Raineys attorney failed to present a single piece of documentary or testimonial evidence, the States use of an extraneous offense which ultimately resulted in a jury charge error and a comment on the weight of the evidence by the trial court and other constitutional violations herein and it can be reasonably assumed the errors caused a substantial and injurious effect on the outcome of the proceedings. See Byles v Johnson, 136 F3d 986 (5th Cir 1998), Brecht, 113 S.ct. 1710 (1993)

DUE PROCESS ~ The Supreme Court has interpreted the Due Process clause to protect individuals from ~ procedural and substantive deprivations. Substantive due process prevents the government from taking actions that "shock the conscience" or violate rights "implicit in the concept of ordered liberty" See Polk v Connecticut, 302 US 319, 325 (1937)

Under Supreme Court jurisprudence, the conviction and imprisonment of a factually innocent defendant should "shock the conscience" and violate "implicit in the concept of ordered liberty" Raineys rights regardless of his previous conviction. See Herrera v Collins, 506 US 390 (1993)

To prove intent or that Rainey must have acted in conformity therewith, the State applied a newly amended statute and introduced testimony related to a nine year old previous conviction; absent the "since he pled guilty before he is guilty now" argument, the State is left solely with the complainants testimony.

By way of analogy, consider a murder trial where the only evidence is the testimony of one witness, a child. That witness testifies that (1) the defendant DID murder the victim and (2) the defendant DID NOT murder the victim. To some counselors and family members the child denies anything happened then tells others it did happen but on cross-examination the child says he/she felt compelled to agree with his/her Aunt and decided to come forward. No forensic evidence exists to substantiate a murder only the testimony of the child.

Are we to confirm the jurys coin-flip decision, when any rational trier of fact could not have believed one version of the story over the other beyond a reasonable doubt? See Kimberlin v State, 877 Sw 2d 828 (Tx Cr Ap)

Now imagine if you will the same case, during trial the State is allowed to present evidence including a guilty plea of a nine year old murder case and testimony by a Texas Ranger regarding the defendants modus operandi in that murder. Then imagine the State submits a slightly erroneous jury charge which includes the phrase "the defendant did then and there murder ANOTHER John Doe", unfortunately without any "evidence" the murder conviction cannot stand. The instant case is even stronger than the hypothetical and should shock the conscience.

It can be reasonably concluded that: A jury after hearing testimony from a trained Forensic Interviewer and/or a Licensed Professional Counselor and/or a Medical Doctor that the child complainant not only DENIED any sexual abuse by William Rainey but was clinically suffering from suicidal ideations and a major depressive disorder due to her placement in the home of Lisa Darley; a jury would necessarily give a greater weight to the childs testimony of being compelled and render a verdict acquitting the defendant. Minimally it can be reasonably concluded that the trial outcome and deliberations would have had a significantly different outcome. In the instant case the State aggressively and maliciously employed improper methods that were calculated to produce a wrongful conviction. The use of such methods so infected the trial with unfairness as to make the resulting conviction a denial of due process. See Darden v Wainright, 477 US 168, 181 (1986)

## Constitutional Violations

IN support of Raineys constitutional violations claim it has also been demonstrated that Raineys counsel was ineffective in his assistance, the verdict was non-unanimous to wit: the extraneous offense not only subjected Rainey to double jeopardy but confused the District attorney, the court and the jury and virtually eliminates this Honorable Courts ability to determine which Indecency or act of touching Rainey was convicted of.

Furthermore Rainey contends the application of the newly amended statute, T.C.C.P. Art. 38.37, was unconstitutional as applied to the petitioners case and an Ex Post Facto violation which cumulatively denied Rainey a fair trial by an impartial jury demanding of relief.

Deference to the State courts decision, which is erroneous, but may be reasonable and non-contrary, and their interpretations of law under § 2254 (d)(1) would violate Art. III of the United States Constitution. The Due process clause of the Fourteenth Amendment, "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged" habeas evidence precludes such a finding. See In re Winship, Id at 363, 364 U.S.C.A. 14th, 5th

This bedrock constitutional principle prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion.

Francis v Franklin, 471 US 311, 105 Sct 1965 (1985)

The Texas Court of Criminal Appeals' decision was based on an unreasonable deference to the trial courts in light of the evidence presented, under 28 USC § 2254 (d)(1)(2) as in US v Delgado, 631 F3d 685, 689 (5th Cir. 2011), US v Michelena-Orovio 719 F2d 738 (5th Cir. 1983) and is unconstitutional whereas it failed to provide the Petitioner with an equal opportunity in and through an evidentiary hearing to prove the facts alleged in the 11.07 petition denying petitioner equal protection under the law and thereby, withholding favorable evidence from petitioner only available through a court ordered hearing. Kyles v Whitley, 514 US 419 (1995)

The State courts deference to the jurors decision is likewise unreasonable. The State relies on the jury as exclusive province to reconcile conflicts, make inferences from evidence and judge the credibility of witnesses and all credibility choices and conflicting inferences are to be resolved in favor of the verdict. U.S. v Cyprian, 197 F3d 736, 740 (5th Cir 1999)

The jury in the instant case was denied critical documentary and testimonial evidence therefore any credibility decisions were made absent the critical habeas evidence. Furthermore, even absent the habeas evidence it is impossible to determine from the record which act of touching each juror elected to find the petitioner guilty of. The charge contained elements not in the indictment including an erroneous date, touching of the genitals instead of the breasts and the phrase "another Jane Doe" an offense which Rainey had already litigated and served a sentence for. The trial court failed to sua sponte issue any limiting instructions after the error and failed to completely correct the charge before re-reading it.

Arguably six jurors could have relied upon the complainants touching of her breast to convict while six could have relied upon the Texas Rangers and the erroneous charges touching of the genitals and voted guilty solely on that testimony.

Therefore, should this Honorable Court choose to defer to the State Court's decision, under _Schrader v Whitley_, 904 F 2d 282, 285 (5th Cir 1990) or _Cobb v Wainright_ 666 F 2d 967 (5th Cir 1982), it should consider that in the instant case the jurors were free to disbelieve the child complainant completely and still render a verdict of guilty relying upon the extraneous offense testimony charged in the trial rather than on the indicted offense.

Notwithstanding the aforementioned arguments herein, "[T]he habeus corpus statute obliging federal judges to respect credibility determinations made by the trier of the fact," as the _Pemberton v Collins_, 991 F 2d 1218, 1225 (5th Cir 1993) discusses, should not apply where critical physical or documentary evidence of actual innocence is shown by petitioner's State habeus filings. Rainey's claim is substantially more than an improper attempt to have this Court second-guess the jury's credibility choices, factual findings or resolution of conflicts in evidence. Denial of this claim is contrary to, or involves unreasonable application of clearly established precedent as implied or discussed in: _Miller-El_; _Coshell_; _Schlup_; _House v Bell_; and _McQuiggin v Perkins_, 185 L ed 2d 1019 (2013).

### Summary

The instant case is very similar to cases such as _Brown v Smith_, 551 F 3d 424 (6th Cir 2008). The 11 year old child had a propensity to lie in order to please those in authority. The States case rests solely on the child complainant's contradictory testimony. The State bolstered its case by drawing attention to a previous conviction described in detail by a Police officer, inflaming the passions of the jurors while coercing the defendants attorney to abandon his client.

Habeus evidence reveals the child repeatedly and consistently denied any sexual abuse prior to Lisa Darley's biblical influence. These first conversations are most probably what actually occurred. Moreover a forensic interview is done by a trained professional schooled in the art of non-leading interrogatories. Thus the likely impact of all the TDFPS and other documentary evidence demonstrates that more likely than not, no reasonable unbiased juror after assessing the impact of all the habeus evidence, would have found Rainey guilty beyond a reasonable doubt. _House v Bell_, 126 S Ct 2064 (2006)

Petitioner contends that the sentence and conviction is unconstitutional based on the fact that his trial counsels performance fell below a reasonable standard of effective representation when he failed to investigate, obtain records, supeona or call witnesses, failed to confront and cross-examine or impeach state witnesses, failed to object to obvious errors ie an erroneous jury charge and abandoned Rainey at a critical stage.

## Standard of Review

Claims of Ineffective Assistance of counsel are governed by <u>Strickland v Washington</u>, 466 US 668, 687-88, 104 S Ct 2052 (1984). To succeed on any claim of the above a defendant must show that: (1) the attorneys representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that except for the attorneys' unproffessional errors, the result of the proceedings would have been different. <u>U.S v King</u>, 917 F 2d 181, 183 (ca5'90)

Petitioner contends his counsel committed the following errors described briefly below:

A) As early as May 29, 2013 Rainey contacted his attorney regarding Discovery and Evidence (See Atty/Client Correspondence "A/C Ex 1" Appendix) Rainey provided exculpatory impeachment evidence (redacted TDFPS records) and asserted the need for his attorney to investigate and obtain additional TDFPS records (See A/C Ex 2 11.07 Appendix). A third time Rainey specifically requested his counsel supeona witnesses and records (See A/C Ex 3, 7-12, 11.07 Appendix) and made numerous other provisions and requests related to his defense prior to trial (See State Memorandum and Appendix WR-68, 056-08, WR-68, 056-10). The records contain evidence that the child complainant repeatedly denied any sexual abuse by William Rainey, petitioner (See TDFPS Ex. A-J 11.07 Appendix) and revealed a long list of witnesses having intimate knowledge of these relevant facts. Raineys attorney failed to obtain any additional records, interview or supeona or call to testify any defense witnesses and further chose not to utilize the favorable evidence Rainey provided to impeach the child or present any evidence of Raineys innocence.

B) During a pre-trial evidentiary hearing (See RR. 3 and T.C.C.P. Art 38.37 amend 9-1-13) Raineys counsel argued against admission of an extraneous offense unrelated to the child victim (See Art 38.37 (2011)) claiming in part: "... to allow that to come in clearly after the fact is definitely a violation of his right to have counsel effectively confront and cross examine the witnesses against him (RR. 3 p 21). In the instant case the State utilized the newly amended statute over objection to introduce evidence of a nine-year old plea of guilty agreement alleging Indecency by contact, and testimony by a Texas Ranger and a Parole officer related thereto. Raineys counsel did not ask for a continuance, did not confront nor cross-examine these witnesses. (See RR. 3 pp 75, 85) Counsel also failed to object to the untimely notice as required by Art 38.37

C) Immediately after the State rested, Rainey was put on the stand briefly then, jury present, counsel informed the Court the defense rests: (By M. Gregory)

"Judge, I would anticipate that we will call one witness... and that I would put Mr. Rainey on the stand briefly to discuss his right to testify..."(RRv4 p 87)

"... And you and I are in agreement that we will present the one witness that we have previously talked about... ie. Robbin Seabourn the forensic interviewer of complainant (See TOFPS ExB, 11.07 Appendix).

Suprisingly despite the aforementioned agreement Raineys counsel shocked the petitioner after confering privately with the ADA Ms. Adams by simply resting and denying Rainey any opportunity to present a defense or testify: (RRv4 p 91)

"The Court: Okay then we will go ahead and anything else... before we bring the jury in?

Ms. Adams: Judge may I have a minute to confer with Mr. Gregory? (off record discussion)

The Court: Yes... (Open Court, Jury Present) Immediately before we took recess the State rested and sir?

Mr. Gregory: Judge the defense would rest too."

D) Raineys counsel failed to object to an erroneous jury charge or request a mistrial. The charge in this case was inspected by the trial court and counselors; each juror received a copy of the charge then it was read to the jury containing errors in Par. V aka the "election paragraph" (RRv4 pp 91-96, CR 83-86). Immediately after the reading the ADA requested a bench conference:

ADA:" We think maybe that didn't get sent up, or -- I dont know what happened. This date, this is our extraneous offense" Id p 94

Mr. Gregory: "That was the extraneous proved up by the Ranger?! [emphasis mine per recolection]

The Counsels and the Court agreed to minimize the error by collecting the charges, marking out words and by stating: "I have mistakenly used the wrong date" Id p 95

Ultimately the charge was re-read this time with the following UNCORRECTED ERRORS:

"The Court:... [th]e accused, with intent to arouse and gratify the sexual desire of said defendant, intentionally or knowingly, engaged in sexual contact with another Jane Doe -- with Jane Doe"

(Id p 96) Raineys counsel again failed to object or request a mistrial based on the Constitutionally infirm charge denying Rainey a fair appeal, fair trial and subjecting Rainey to double jeopardy, and improper judges comment and a non-unanimous verdict.

## ARGUMENT AND AUTHORITIES

Counsel has a duty to bring such skill and knowledge as will render the trial a reliable adversarial testing process. The performance inquiry must be about whether counsels assistance was reasonable considering all the circumstances.

_Strickland Id at 2065_

The standard for determining whether constitutional error is "harmless" for purposes of habeas corpus is whether it had a substantial and injurious effect or influence in determining the jury's verdict. 28 USC §2254(d)

Structural errors are "per se prejudicial" Bell v Cone, 535 US 685, 695-696, 122 S Ct 1843, 1851 (2002) (when petitioner is denied counsel at a "critical stage" of the proceeding")

Structural defects affect the framework within which the trial proceeds, rather than simply ...errors in the trial process. Arizona v Fulminante, 499 US 279, 310, 111 S Ct 1246, 1265 (1991)

Even if this error were harmless, petitioner should still be entitled to relief because the cumulative errors were a per se prejudicial violation that affected my substantial rights.

See, e.g., Neder v United States, 527 US 1, 7, 119 S Ct 1827, 1833 (1999) (stating that there is a "limited class of fundamental constitutional errors that... are so intrinsically harmful as to require automatic reversal (i.e., affect substantial rights) without regard to their effects on the outcome")

A. Counsel was constitutionally ~~effective~~ ineffective for failing to obtain TDFPS records whose reports included exculpatory evidence of actual innocence and witness reports that would have clearly controverted or rebutted the States theory at trial and prove the truth of the matters.

In Ground two of the State habeas Rainey showed the Court that his counsel failed to obtain and/or utilize documentary TDFPS, Counseling and Medical records to investigate, interview or subpoena witnesses or impeach State witnesses. The State alleged and petitioner relied upon the States full disclosure of all TDFPS (aka "CPS") records and Raineys counsel acknowledged the existence of the voluminous CPS file (RR v 3 pp 4-5). Raineys counsel chose to ignore the documentation rather than utilize it to locate, interview or subpoena defense witnesses or to impeach State witnesses or to form and present a defense strategy.

As previously stated the records contained a RULE 194 disclosure from CV-11-142403 (In re Rainey children) which revealed numerous witnesses, having knowledge that the complainant DENIED any sexual abuse by William Rainey; whom the attorney had power to subpoena and compel to appear and testify or in the alternative introduce/impeach using their professional records.

Witnesses include:

1) Robbin Seabourn the forensic interviewer who first questioned the complainant. Her authentication of her records and testimony could have opened the door to introduce all TDFPS records of investigation wherein R.S. could have established her credentials, explained forensic interviews, explained her training and experience and testify that her records reveal the complainant denied any sexual abuse by William Rainey establishing Raineys innocence, impeaching the States witnesses and establishing evidence which would alter deliberations and probably establish reasonable doubt in the mind of the jurors. (See TDFPS Ex. A-J, 11.07 Appendix)

2) Kristina Everton, a TDFPS employee. K.E. could have established the authenticity of TDFPS exhibit "C" and explained to the jury that based on the TDFPS investigation "RULED OUT" any sexual abuse of the complainant by Mr. Rainey again establishing reasonable doubt and influencing deliberations.

3) Vickie Copeland is the Licensed Proffessional Counselor (L.P.C.) of complainant. V.C. could have authenticated her records (TDFPS Ex "E" and "I") and testified the complainant denied any sexual abuse by Mr. Rainey and also testify regarding the mental health and circumstances surrounding the complainants placement prior to the outcry, thereby, influencing deliberations and establishing doubt.

4) Dr. Duane Miller, M.D. and/or Richard Connell, PhD, both conducted psychological evaluations on complainant and heard her deny any sexual abuse by William Rainey. Dr. Miller could have been called to authenticate Nadia Abilene records (TDFPS Ex "I") and testified to the complainants reasons for suicidal idealation, her diagnosis of a Major Depressive Disorder and how those may or may not have influenced her outcry to Lisa Darley and revealing to the jury that her mental health was affected by her traumatic removal from home and placement in the Darley residence thereby explaining some of her testimony and demonstrating how she could have been easily "compelled" by the foster parent establishing reasonable doubt and altering deliberations.

5) Shawna Bass, L.P.C., could have authenticated TDFPS Ex "J" and testified that the complainant Post-outcry, denied any sexual abuse AFTER leaving the Darley residence which supports the childs testimony about being "compelled" by her Aunt, thereby impeaching the child and establishing reasonable doubt or at least altering deliberations

6) LaDawna Rainey, Mother of complainant was the only other adult present at the time of the alleged incident her testimony could have cooberated or impeached the childs story and L.R. could have been impeached or questioned about her problems with TDFPS, Lisa Darley and any motives Darley may have had.

7) Alex Rainey, complainants older brother could have impeached complainant by providing testimony regarding the outcry and circumstances before and after the outcry as well as regarding the Darley family, how complainant was treated etc.

See <u>Day v Quarterman</u>, 566 F.3d 527, 528 (5ᵗʰ Cir 2009)


Rainey shows this Hon. Court counsel failed to interview, sypeona or call any of the above witnesses to establish reasonable doubt and conspired to convict his client. Counsel failed to challenge the States theory and denied the jury testimony or evidence regarding each and every DENIAL of sexual abuse by the complainant and thus prejudiced Raineys defense.

The Supreme court has held that the skilled interrogation of witnesses by an experinced lawyer can fashion a vital impeachment tool for use in cross-examination of States witnesses.. or preserve testimony favorable to the accussed... <u>Coleman v Alabama</u>, 90 S.Ct 1999 (1970)

There is a reasonable probability that the jurors would not have been convinced beyond-a-reasonable doubt had the childs testimony been impeached or the records and testimony been presented. Rainey was prejudiced when the jury deliberated and reached a guilty verdict absent the available evidence/testimony of Raineys innocence caused by trial counsels failures. 28 USC§2254(d), U.S. Constitution Amend. Six

The Brecht standard also included an exception, stating that a deliberate and especially serious error, or one combined with a pattern of prosecutorial misconduct, might warrant habeus relief even if it did not "substantially influence" the jurys verdict.
   See Kotteakos v U.S., 328 US 750, 66 S.ct 1239 (1946), Brecht v Abrahamson, 507 US 619, 638 n9, 113 S Ct 1710, 1722 n9 (1993)

B. Counsel was constitutionally ineffective for failing to impeach, confront, cross-examine adverse witnesses or obtain their records to analyze for impeachment material and truthfulness.
   Rainey showed the State habeus court that a change in law, unresearched, rendered his counsel ineffective. In his own words: (RR v3 p. 21)
   "I believe its definitely an Ex Post Facto violation"
   "I dont know the circumstances of the witnesses"
   "I dont know the circumstances or the facts"
   "To allow that to come in, clearly after the fact, is definitely a violation of his right to have counsel effectively confront and cross-examine the witnesses against him"
   "The Legislature does things all the time that are not constitutionally valid"

   The State relied heavily upon T.C.C.P. Art 38.37 sec 2 (b) which permitted the state to bring in evidence of a nine year old similar conviction (RR v3 p17). No thirty day notice was given, apparently there was an agreement, unbeknownst to petitioner, not to object to untimely filed motions" (RR v3 p16) Nevertheless counsel objected to the extraneous offense (RR v3 p 20)
   Strategically using case law to show the Court how the 30 day notice is required or how the law violates Ex Post Facto, Confrontation or is Unconstitutional by precedent; is a much more effective argument than the above comments and it can be reasonably assumed had the attorney researched the law or asked for a continuance if needed he could have prohibited the prejudicial evidence and effectively confronted the adverse witnesses by requesting discovery related to this offense. Likewise had Appellate attorney raised the issue on appeal Rainey could have challenged it in his P.D.R, expanded the record in oral arguments etc.
   See Estelle v McGuire, 502 US 62 (1991)
Impeachment evidence is vital. Tucker v Prelesnik, 181 F3d 747 (6th Cir 1999)
Presentation of a defense is vital. Miller v Dretke, 420 F3d 356, 362 (5th Cir 2005)
   U.S. v Chronic, 839 F2d 1401 (10th Cir 1998)

Being the extraneous offense was used for more than to show Rainey's intent and/or the theory he has a propensity to molest children. Counsel could have demanded the State Call the alleged victims rather than merely objecting to and failing to cross-examine the Texas Ranger and Parole officer. Had counsel pursued discovery he could have presented evidence favorable to Rainey, impeached the witnesses with their own reports or with TDFPS records or simply showed the jury "just because Rainey pled guilty to receive a light sentence does not prove he committed the crime" Impeachment by any legal means of all State witnesses was vital to petitioners overall defense as agreed in _Williams v Taylor_, 120 S.ct 1495 (2000)
See also _Beltran v Cockrell_, 294 F3d 730 (5th Cir 2002)

C. Counsel was constitutionally ineffective for abandoning Rainey at a critical stage

As previously stated Rainey showed the State habeas court that a verbal agreement to call at least one defense witness was made and reasonably expected by Rainey. Counsels reasonable service was to the defendant and not the State, to present Raineys defense and present the repeated denials of sexual abuse before the jury. Despite the agreement counsel conspired with the State meeting with ADA Adams off record (RR v4 p 91) then Rested Raineys case without explanation and denied Rainey an opportunity to testify.

Similarly in _Smith v Dretke_, 417 F3d 438 (5th Cir 2005) the Court found ineffectiveness for failing to present evidence of self-defense which would have cooberated the defendant's testimony to that defense. See also _Stanley v Bartley_, 465 F3d 810 (7th Cir 2006) Finding the State courts contrary conclusion under Strickland unreasonable.

_Williams_, emphasizes that in determining the Strickland prejudice, the Court must examine both the trial testimony, and the post conviction evidence to determine whether, had the omitted evidence been presented, there is a reasonable probability of a different outcome. The Texas Court of Criminal Appeals has not, as of this date, elected to do so. Id 529 US 362 (2000)

Rainey argued there is a highly reasonable probability that but for his counsels agreement with the ADA, a defense theory inclusive of impeaching the child by calling a witness and presenting the TDFPS records, then showing the jury the repeated denials of sexual abuse, the mental and physical abuse by Darley and family and the recantation would have established reasonable doubt probable of an altered outcome.

Presumably, the jurors would have been able to consider the weighted testimony of Licensed Professional Counselors, Medical Doctors, the only other adult present and alleged to have walked in on the incident and/or her sibling brother present during to outcry; against that of the States witnesses. Arguably the exclusion of this evidence was not strategic because the complainant had already testified she felt "compelled" to come forward and say her dad touched her and the records reveal she recanted after leaving that home.

Presenting a defense especially in he.said/she.said cases where the child repeatedly denied the abuse or where circumstances surrounding the outcry are questionable and evidence exists to support those claims which call into question the reliability of the outcry is an objective standard of reasonableness or reasonable professional assistance. Strickland Id at 689

Counsels actions deprived Rainey of his right to testify. See, Rock v Arkansas, 107 S ct 2704 (1987) (holding that defendants have a fundamental constitutional right to testify on their own behalf) and call/present defense witnesses. See Washington v State of Texas, 388 us 14, 87 S Ct 1920 (1967)

D. Counsel was constitutionally ineffective for failing to notice or object to the States jury charge.

Previously, Rainey showed the habeas court that the jury charge contained factual elements and information related to Raineys extraneous offense and previous conviction in cause no: 05-20783. Counsel wholly failed to notice or object to the charge prior to its reading. As a result, Rainey was exposed to double jeopardy and it is impossible to determine which act of touching each juror elected to find Rainey guilty of. Furthermore the failure to object subjected Rainey to a more strenous standard of harm on appeal i.e. "egregious harm" rather than "some harm"

Notably, this Honorable Court found counsel ineffective for failing to object to obvious defects in jury instruction in Gary v Lynn, 6 F3d 265 (5th Cir. 1993). Trial counsel was also ineffective for failing to utilize these errors to file for a New Trial. Rainey wrote his counsel requesting he do so and instead counsel filed a Motion to Withdraw. By the time an appellate counsel was appointed the time period for filing expired. (See Atty/Client Correspondence Exhibits)

Thus the Court of Criminal appeals dismissal and denial of Raineys ineffective assistance claim was based on an unreasonable determination of the facts that the claims should not be reviewed because a layman exceeded the page limit or that counsel acted strategically and Rainey was not prejudiced and this is contrary to clearly established federal law and the Strickland Standard of Reasonableness

The Supreme Court has held... the habeas courts commission is NOT to invent strategic reasons or accept any strategy counsel could have followed. Rompilla v Beard, 388 us 14, 87 S ct WR 545 US 374, 395-396. See also Virgil v Dretke, 446 F3d 598, 608 (5th Cir 2006) describing reasonable performance. The instant case denied Raineys Sixth Amendment right as to what is regarded as the most basic ingredients of Due Process Law. See In re Oliver, 333 US 257, 68 S Ct 499, 92 L Ed 682 (1948) and the conviction/sentence should be vacated. U.S.C.A Sixth Am.

E) The sentence/conviction is unreasonable because the petitioner did not receive effective assistance of appellate counsel and was denied counsel for his habeas review to develop the record.

STANDARD OF REVIEW(?)

Claims of Ineffective assistance of appellate counsel are governed by Evitts v Lucey, 469 US 387, 105 Sct. 830 (1985). The proper standard for evaluating appellate counsel is Strickland; Smith v Robbins, 528 US 259, 285 (2000) The prejudice inquiry looks to the fairness of trial and the reliability of judgement and conviction. Goodwin v Johnson, 132 F3d 162, 174 (5th Cir 1997)

## ARGUMENTS and AUTHORITIES

The trial was not fair and the judgement and conviction are not reliable due to a jury charge error and a Non-unanimous verdict. The process of winnowing out weaker arguments and focusing on those that appear more likely to prevail is the hallmark of effective appellate advocacy. Jones v Barnes, 463 US 574 (1983)

Rainey argued that his appellate attorney failed to raise the Constitutional arguments presented by Rainey and instead focused on the weaker, easier arguments common to he said/she said cases rarely overturned. Counsels errors failed to expand the record through oral argument on the most important of Raineys issues including but not limited to: Ineffective Assistance of Counsel, Jury Charge Error, Double Jeopardy, Ex Post Facto violation and the constitutionality of Art. 38.37 as applied to his clients case. Petitioner would have prevailed on at least the ineffective argument under Strickland and In re Oliver in any reasonable and fair appeal. In the least the record would have been expanded and Rainey could have shown or argued the claims of ineffectiveness and the exposure of the extraneous offense or two seperate acts of touching resulted in a non-unanimous verdict or that overall Rainey did not recieve a fair trial. Therefore, Rainey was prejudiced and the reliability of the decision is called into question. See Smith v Robbins, 528 US at 285

Petitioner would ask that this Honorable Court take each of Rainey's remaining issues seperately in consideration but under the same statement of Facts, arguments and authorities described below.

The sentence and conviction is unconstitutional because Rainey was denied due process and a fair trial when a State Statute was unconstitutionally applied to his case and resulted in a variety of Constitutional errors including an Ex Post Facto violation, a Brady violation, a Jury Charge error and a Non-Unanimous Verdict and Confrontation Clause violation.

### Argument and Authorities

Rainey first showed the habeas court that in the present case the application of Art. 38.37 of the Tx Code of Criminal Procedure amended Sept. 1, 2013 was retroactively applied to Rainey's case. Rainey's argument focused not only on the fact of commencement but upon the legislatures directive that "the former law is continued in effect for that purpose" and that the State did not give timely notice as required and that the new amendment is "unquestionably a law that alters the legal rules of evidence and allows different evidence than allowed by law at time of commission" citing <u>Carmell v Texas</u>, 120 S.ct. 1620. Thus the trial court's retroactive application permitted conviction with previously inadmissable and prejudicial quantum of evidence. See <u>Weaver v Graham</u>, 101 S.ct. 1960 (1981), <u>Glascoe v Batx</u>, 421 F3d 543 (2005). The State failed to play by its own rules by failing to provide the mandated notice as required by similiar Federal laws and the States own rulings. See <u>Belcher v State</u>, 974 Sw3d 840. Fed. R. Evid Rules or Section 7.01 of Acts 2011, 82nd Leg. ch 1 (S.B. 24)[1]

This Ex Post Facto violation is similiar to <u>US v Holly</u>, 942 F2d 916 (5th Cir 1991)

Furthermore the application was unconstitutional when it prohibited or hendered Rainey's counsel from confronting and cross-examining the witnesses against him as required by the precedent of <u>Crawford v Washington</u>, 541 US 36 (2005) which emphasizes that the Sixth Amendment of the U.S. Constitution provides "in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him" This right is a fundamental right and is applicable to the States by virtue of the Fourteenth Amendment. Rainey argued he was only allowed, but counsel refused, to confront the investigating Texas Ranger, and not the accuser, whom presented facts to the jury that had already been litigated in the 91st Dist. Court in Cause Number 05-20,783, exposing Rainey to double jeopardy. See <u>Carmell</u>, 529 US at 533. See also <u>US v Brown</u>, 571 F3d 492 (2009)

1. Appendix

The testimonies had a substantial and injurious effect and influence on the jury's deliberations because it allowed the State to suggest that appellant was a child molester or sex offender on more than one occasion and that others needed to be protected from his actions. See RRv1/pp 98, 101, 104-05, 107, 109, 110-111) resulting in Prosecutorial Misconduct

The prosecutor is not allowed to strike with foul blows. Berger v U.S., 55 SCt 629 (1935) The prosecutor deliberately bolstered its case in closing arguments by inflaming the passions of the jury: (RRv4/p 111 Closing by D.A. Thompson)

"Now how many times have you heard somebody say, "When are they going to do something about it." in relation to something horrible out there, ANOTHER CHILD MOLESTER, how many times have you heard the phrase, "when are they going to do Something..?" You're the "they", today...Send this man a message..

(RRv4/p 112) It's irrefutable He is a monster"

Notably the prosecutor began his tactics well before during Voir Dire:

"And some of you may have very strong feelings about that kind of case [Indecency with a child].. feelings of revulsion..of anger.. of disgust, I mean no ones going to try to convince you that indecency with a child isn't a horrible case... And its natural for some people to have very strong feelings, thats not an automatic disqualification under the law. Its okay to have those strong feelings against a crime about a child, particularly a sex crime.. You may be the kind of juror who wants to hammer some-body if they're guilty of sexually abusing a child. Thats not a disqualification (RRv2/pp 34-36)

This level of dialogue encourages conviction based on emotion and bias against the very evidence the prosecutor planned to present ie Rainey is or pled guilty of sexually abusing a child "Hammer Him". He molested ANOTHER Jane DOE ANOTHER CHILD. HE IS A MONSTER. YOU'RE the THEY! SEND this man and the public a message. It's okay its a horrible case, be angry be disgusted... The defense objected to the Voire Dire narrowing:

"We are kind of leading towards narrowing these people down to a certain fact pattern.. the State plans on using during the trial" (RRv2/pp 50-51) However the Judge allowed the questioning to continue (RRv2/pp 51-73

TWELVE MINUTES after the prosecutors improper remarks the Jury returned a GUILTY Verdict (RRv4/p 112 Line 20-22). The States mis-conduct allowed a verdict based on bias, prejudice or raw emotion and inflamed those passions at the closing of the trial!

Furthermore the States allowance of Texas Ranger David Hullums testimony improperly allowed testimony of a second act of touching to wit: On or about June 1, 2004 Rainey improperly touched a young female, wearing pajamas on her genitals; this occurred at Rainey's house during the night while others were present. Thus the testimony and the jury charge error in the "election paragraph" (Para. V) allowed the jury to convict in violation of the "unanimity requirement." See Holly.

The following charge and copies thereof were presented and read to the Jury (See CR84) Paragraph V: "The defendant is on trial solely on the charge contained in the indictment. To prove the offense alleged in the indictment, the State has elected to proceed on an alleged incident that occurred June 1, 2004, when the accused with the intent to arouse or gratify the sexual desires of the defendant, intentionally or knowingly engaged in sexual contact with another Jane Doe (a pseudonym) by touching the genitals of that said Jane Doe..."

Rainey argued that as a result, the trial court exposed the jurors to two seperate offenses, improperly commented on the weight of the evidence by using the phrase "another Jane Doe", and allowed an improper conviction. The charge created the possibility, that Rainey was twice convicted of the 2004 indecency or the jurors relied upon it to find Rainey guilty and not the allegation in the indictment in violation of the Fourteenth Amendment. U.S.C.A. Const. Amend 14

When an issue of ultimate Fact has once been determined by a valid and final judgement, that issue cannot again be litigated between the parties in any future lawsuit. U.S v Brown, 571 F3d 492 (2009)

The Due process clause protects the accused against conviction except upon proof beyond reasonable doubt of every element necessary to constitute the crime with which he is charged. This bedrock principle prohibits the State from using evidentiary presumptions in a jury charge that have the effects of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. Francis, 105 S Ct 1965 quoting In re Winship 397 at 363-364, 1072.

The Supreme Court also held that use of a general instruction does not automatically cure a deficient specific instruction. Francis, Id at 309. Thus the Courts instruction "I mistakenly used a wrong date" merely contradicts and does not cure or explain the constitutionally infirm instruction about the touching of genitals or the evidentiary presumptive phrase "another Jane Doe" and does not suffice to cure.

A reviewing court has no way of knowing which of the two irreconcilable

instructions the jurors independently applied in reaching their verdict, precluding harmless error. USCA 14th, ... See _Sullivan_, 508 US 280, 113 S Ct. 2078

A Sullivan error precludes harmless error review because no verdict within the meaning of the Sixth Amendment of the Constitution was rendered. Thus the Texas Court of Criminal Appeals' dismissal and refusal to review Rainey's constitutional claims or deny them was based on an unreasonable application under the fundamental miscarriage of justice precedent. See _Edwards v Carpenter_, 529 US 446, 120 S Ct 1587 1591 (2000) Rainey substantially complied with the State procedural rules in attempting to exhaust his state remedies. See _Albuquerque v Bara_, 628 F2d 767, 772-73 (5th 1980)

Furthermore a Brady violation occurred when the District Attorneys office failed to disclose statements and/or records known by the State to include exculpatory evidence favorable to impeachment and defense. The Supreme Court held in determining whether the evidence not disclosed is "material" the cumulative effect of all suppressed evidence favorable to the defendant is considered rather than considering each item individually and whether disclosure would have made a different result "reasonably probable" _Kyles v Whitley_, 514 US 419 (1995); _Brady v Maryland_, 373 US 83 (1963)

Considering the TDFPS records favorability in the instant case, the TDFPS records and the Tx. Rangers investigation records would have provided favorable impeachment material and appraised the defense counsel of the circumstances of the facts, witnesses and the outcry. Thereby allowing defense counsel to subject the States theory to meaningful adversarial testing, impeachment and allowed him to interview investigate and supeona defense witnesses. _US v Bagley_, 105 S Ct 3375, 3380 (1985) The duty to disclose is applicable even absent request by defense. _Strickler v Greene_, 119 S Ct 1936 (1999)

Rainey argued he has a right to be able to effectively confront and cross-examine witnesses with a writing that was used in connection to the preparation of the States case. Ranger Hullum testified he "investigated" the case in 2005 (RRrp 70), theoretically he made reports related to the investigation as TDFPS did. Clearly prior to trial petitioners counsel requested a disclosure of evidence (CR31) which was granted. Without seeing each and every statement the child made to each individual petitioners counsel could not have effectively cross-examined. See _Crane v Kentucky_, 106 S Ct 2142 (1986)

The Court of Criminal Appeals dismissal and decision was based on an unreasonable determination that the application should be dismissed despite the constitutional errors therein and is a "miscarriage of justice. Any decision that the errors were harmless and that the application was constitutional

as applied is unreasonable because the testimony illicited from an informed cross-examination may have had an effect on the jury's deliberations and possibly have proven Rainey's assertion of innocence to the extraneous offense. See _Napue v Illinois_, 360 US 264, 79 SCt 1173 (1959) also _Alcorta v Texas_, 355 US 28, 78 SCt 103 (1959)

As a result of the Texas Court of Criminal Appeals decision to refuse and dismiss Rainey's claims, Rainey is currently being restrained of his liberty, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution.
_Darden v Wainright_, 477 US 168, 181 (1986)

The imprisonment of a factually innocent defendant violates the Eighth Amendment's prohibition against cruel and unusual punishment. The Supreme Court held that "punishment is excessive and unconstitutional if it is nothing more than the purposeless and needless imposition of pain and suffering" or if it's "grossly out of proportion to the severity of the crime" See _Coker v Georgia_, 433 US 584 (1977); _Gregg v Georgia_, 428 US 153 (1976)

Moreover in _Johnston v Mississippi_, 486 US 578 (1988) the Court stated that the Eighth Amendment protections do not cease once a defendant is validly sentenced/convicted. As expressed in Coker and Gregg, any punishment is disproportionate as applied to a factually innocent defendant and any punishment is tantamount of the needless imposition of pain and suffering if the defendant is factually innocent.

## PRAYER

WHEREFORE, based on the foregoing above claims, William Rainey TDCJ ID 1885507, the petitioner, respectfully moves this Honorable Court to VACATE his conviction and sentence ORDERING immediate release. Or in the alternative, set aside his conviction and remand for a new trial. Rainey prays for the appoint of counsel to conduct an Evidentiary Hearing to resolve any deficiencies in the record or any factual disputes.

Mr. Rainey prays for general relief and to all he is entitled.

Respectfully submitted on this the 15th day of August 2017

William Rainey 1885507
Pet. Pro Se
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Tx 77705

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been mailed, postage prepaid on this __15th__ day of AUGUST, 2017 to the: Clerk of the United States District Court, Northern Division, Abilene Po Box 1218, Abilene, Tx. 79604

William Rainey
William Rainey #1885507

# APPENDIX

**Editor's and Revisor's Notes (16)**

**HISTORICAL AND STATUTORY NOTES**

**2005 Main Volume**

Section 48(b) of  Acts 1995, 74th Leg., ch. 318  provides:

" Article 38.37, Code of Criminal Procedure , as added by this section, applies to any criminal proceeding that commences on or after the effective date [Sept. 1, 1995] of this Act, regardless of whether the offense that is the subject of the proceeding was committed before, on, or after the effective date of this Act."

2017 Electronic Update

Acts 2005, 79th Leg., ch. 728  in Secs. 2 and 3 deleted "Criminal" preceding "Evidence".

Acts 2011, 82nd Leg., ch. 1 (S.B. 24)  rewrote Sec. 1, which prior thereto read:

"Sec. 1. This article applies to a proceeding in the prosecution of a defendant for an offense under the following provisions of the Penal Code, if committed against a child under 17 years of age:

"(1) Chapter 21 (Sexual Offenses);

"(2) Chapter 22 (Assaultive Offenses);

"(3) Section 25.02 (Prohibited Sexual Conduct);

"(4) Section 43.25 (Sexual Performance by a Child); or

"(5) an attempt or conspiracy to commit an offense listed in this section."

Section 7.01 of  Acts 2011, 82nd Leg., ch. 1 (S.B. 24)  provides:

"The change in law made by this Act applies only to an offense committed on or after the effective date [Sept. 1, 2011] of this Act.    An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.    For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date."

Acts 2013, 83rd Leg., ch. 387 (S.B. 12)  designated Sec. 1(a), and as designated, made nonsubstantive changes; redesignated Sec. 2 as Sec. 1(b); added new Secs. 2 and 2-a; and rewrote Sec. 3, which prior thereto read:

"Sec. 3.   On timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state is required to give notice under  Rule 404(b), Texas Rules of Evidence  ."

Section 2 of  Acts 2013, 83rd Leg., ch. 387 (S.B. 12)  provides:

"The change in law made by this Act applies to the admissibility of evidence in a criminal proceeding that commences on or after the effective date [Sept. 1, 2013] of this Act.    The admissibility of evidence in a criminal proceeding that commences before the effective date of this Act is covered by the law in effect when the proceeding commenced, and the former law is continued in effect for that purpose."

*A lofel*  *PLEASE RETURN FOR MY RECORDS*



**TEXAS STATE LAW LIBRARY**

**P.O. BOX 12367**
**AUSTIN, TEXAS 78711-2367**

Estimate #6340 dated June 22, 2017 for Request #10950
To: William Len Rainey (#1885507)
From: Inmate Copy Service Staff
Re: Cost of your request for copies received June 19, 2017

| Document | Pages/Qty. | Subtotal | Order? |
|---|---|---|---|
| **Court of Criminal Appeals** | | | |
| **> WR-68,056-10 RAINEY, WILLIAM LEN - WRIT RECEIVED 2-10-2017** | | | |
| CLERK'S SUMMARY SHEET - CAUSE #22962B - RECEIVED 2/10/2017 | 1 | $0.25 | ☐ |
| INDEX TO WRIT RECORD | 1 | $0.25 | ☐ |
| APPLICATION FOR WRIT OF HABEAS CORPUS - FILED 12/27/2016 *includes attached memorandum and appendix* *poor image quality* | 289 | $72.25 | ☑ |
| DISTRICT CLERK'S CERTIFICATION OF NOTIFICATION TO DISTRICT ATTORNEY - FILED 1/3/2017 | 1 | $0.25 | ☐ |
| LETTER FROM DISTRICT JUDGE TO DISTRICT CLERK RE: APPLICANT'S CORRESPONDENCE INQUIRING TO STATUS OF WRIT APPLICATION - FILED 8/3/2016 | 1 | $0.25 | ☐ |
| LETTER FROM APPLICANT TO DISTRICT JUDGE RE: WHITE CARD NOTIFICATION - FILED 8/4/2016 | 5 | $1.25 | ☐ |
| ELEVENTH COURT OF APPEALS: MANDATE - FILED 10/13/2016 | 2 | $0.50 | ☐ |
| RELATOR'S MOTION TO EXCEED PAGE LIMITS - FILED 12/14/2016 | 2 | $0.50 | ☐ |
| COVER LETTERS FROM APPLICANT TO DISTRICT CLERK RE: ENCLOSED WRIT APPLICATION AND ADDITIONAL RELATED FILINGS - FILED 12/27/2016 *also includes e-form verification* | 3 | $0.75 | ☐ |
| MOTION FOR LEAVE TO EXCEED MEMORANDUM PAGE LIMITS - FILED 1/19/2017 | 6 | $1.50 | ☒ |
| CLERK'S CERTIFICATION OF THE LAW - DATED 2/8/2017 | 1 | $0.25 | ☐ |
| **Service Charges** | 1 | $5.00 | ☑ |

**Pages**
312

**Subtotal**
$83.00

**Tax**
$6.44

**ORDER TOTAL**
$89.44

**Notes**
Documents marked as *poor image quality* contain pages that may produce
a low quality photocopy if purchased from the State Law Library

**Note:** To request specific documents please only check the items desired and re-submit this form. The Library will re-calculate the cost and supply you with a revised estimate and order form. If you wish to order copies of all documents listed above, please check below and return a copy of this form along with payment.

**☐ CHECK HERE TO ORDER ALL ITEMS LISTED ABOVE**

**Court of Criminal Appeals**

Docket Sheet
Case Number: WR-68,056-10
Date Filed: 02/10/2017   3:59PM

Style: Applicant  RAINEY, WILLIAM LEN

---

| | |
|---|---|
| **Original Proceeding:** | **No** |
| **Case Description:** | 11.07 HC |
| **Remarks:** | |
| **Contents:** | |

| | | | |
|---|---|---|---|
| **Punishment: LIFE** | **BondAmount:** | **In Jail: False** | |

### Trial Court Information

| County | Court Name | Case # | Judge | Court Reporter | Remarks |
|---|---|---|---|---|---|
| Eastland | 91st District Court | 22962B | | | |

### COA Information

| COA Case Number | Published Cite | COAJudge | Disposition Code |
|---|---|---|---|
| 11-13-0027-CR | | | |

### Interested Entities

| Entity Name | Interested Entity Type | Notice | Date On | Date Off | Remarks |
|---|---|---|---|---|---|
| Eastland County, D.A. | DAT | Yes | 02/10/2017 4:02PM | | |
| Eastland County, District Clerk | DCK | Yes | 02/10/2017 4:02PM | | |
| RAINEY, WILLIAM LEN | APP | Yes | 02/10/2017 3:59PM | | |

### Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission | Remarks |
|---|---|---|---|---|---|---|---|---|
| 04/17/2017 | HABEAS CORPUS REC - 1107-HC | MISC DOCUMENT RECD | PRO SE | | | | | APPLICANT'S LETTER ASKING WHAT WAS FILED OR SUPPLEMENTED |
| 04/03/2017 | HABEAS CORPUS REC - 1107-HC | SUPP/CLERK RECORD | WRIT | | | | | |
| 02/27/2017 | HABEAS CORPUS REC - 1107-HC | MISC DOCUMENT RECD | PRO SE | | | | | APPLICANT'S LETTER ASKING THE COURT FOR LEAVE TO CORRECT THE MEMORANDUM |
| 02/15/2017 | HABEAS CORPUS REC - 1107-HC | ACTION TAKEN | WRIT | NONCOMP WRIT | | NONCOMP WRIT 73.1 | | Specifically, applicant has filed a non-computer generated memorandum that exceeds 50 pages in length and the trial court has not granted leave to exceed the prescribed limit. |
| 02/13/2017 | HABEAS CORPUS REC - 1107-HC | WRIT SUBMITTED | | | | | | |
| 02/10/2017 | HABEAS CORPUS REC - 1107-HC | WRIT RECEIVED | WRIT | | | | | |

Report Prepared on: 4/19/2017 10:34:11 AM                    1 of 2

**Court of Criminal Appeals**

Docket Sheet
Case Number: WR-68,056-10
Date Filed: 02/10/2017   3:59PM

Style: Applicant  RAINEY, WILLIAM LEN

| Stage | Location | File Date | Event | File Description | Index | Volume | Page |
|-------|----------|-----------|-------|-----------------|-------|--------|------|
| HABEAS CORPUS REC - 1107-HC | Event | 04/17/2017 | MISC DOCUMENT RECD PRO SE | LETTER | | | |
| HABEAS CORPUS REC - 1107-HC | Event | 04/03/2017 | SUPP/CLERK RECORD WRIT | RECORD | | | |
| HABEAS CORPUS REC - 1107-HC | Event | 02/27/2017 | MISC DOCUMENT RECD PRO SE | LETTER | | | |
| HABEAS CORPUS REC - 1107-HC | Event | 02/15/2017 | ACTION TAKEN WRIT NONCOMP WRIT | OTHER | | | |
| HABEAS CORPUS REC - 1107-HC | Event | 02/10/2017 | WRIT RECEIVED WRIT | RECORD | | | |



**P.O. BOX 12367
AUSTIN, TEXAS 78711-2367**

Estimate #6304 dated June 13, 2017 for Request #10813
To: William Len Rainey (#1885507)
From: Inmate Copy Service Staff
Re: Cost of your request for copies received May 23, 2017

| Document | Pages/Qty. | Subtotal | Order? |
|---|---|---|---|
| **Court of Criminal Appeals** | | | |
| **> WR-68,056-10 RAINEY, WILLIAM LEN - SUPP CLERK RECORD 4-20-2017** | | | |
| SECOND SUPPLEMENTAL CLERK'S SUMMARY SHEET - CAUSE #22962B, RECEIVED 4/20/2017 | 1 | $0.25 | ☐ |
| INDEX TO SECOND SUPPLEMENTAL WRIT RECORD | 1 | $0.25 | ☐ |
| "WHITE CARD" NOTICE FROM THE COURT OF CRIMINAL APPEALS TO DISTRICT CLERK RE: SUPPLEMENTAL CLERK'S RECORD RECEIVED, DATED 4/3/2017 | 1 | $0.25 | ☐ |
| PETITIONER'S SECOND MOTION FOR EVIDENTIARY HEARING, FILED 4/17/2017 | 5 | $1.25 | ☐ |
| MEMORANDUM IN SUPPORT OF EVIDENTIARY HEARING, FILED 4/17/2017 | 6 | $1.50 | ☐ |
| CLERK'S CERTIFICATION OF THE RECORD, DATED 4/18/2017 | 1 | $0.25 | ☐ |
| **Service Charges** | 1 | $5.00 | ☑ |

**Pages**
15

**Subtotal**
$8.75

**Tax**
$0.31

**ORDER TOTAL**
$9.06

**Note:** To request specific documents please only check the items desired and re-submit this form. The Library will re-calculate the cost and supply you with a revised estimate and order form. If you wish to order copies of all documents listed above, please check below and return a copy of this form along with payment.

## ☐ CHECK HERE TO ORDER ALL ITEMS LISTED ABOVE

**Notice: Warning Concerning Copyright Restrictions**
The copyright law of the United States (Title 17, United States Code) governs the making of photocopies or other reproductions of copyrighted material. Under certain conditions specified in the law, libraries and archives are authorized to furnish a photocopy or other reproduction. One of these specified conditions is that the photocopy or reproduction is not to be "used for any purpose other than private study, scholarship, or research." If a user makes a request for, or later uses, a photocopy or reproduction for purposes in excess of "fair use," that user may be liable for copyright infringement. This institution reserves the right to refuse to accept a copying order if, in its judgment, fulfillment of the order would involve violation of copyright law.

**Please make cashier check, money order, or inmate trust fund check payable to** *State Law Library*. Copy job turn-around depends on the size of your request, the number of requests being filled and staff time. The State Law Library staff does its best to fill orders as quickly as possible. Staff will begin copying your documents once payment is received.

C 1 of 1



SHARON KELLER
PRESIDING JUDGE

MIKE KEASLER
BARBARA P. HERVEY
ELSA ALCALA
BERT RICHARDSON
KEVIN P. YEARY
DAVID NEWELL
MARY LOU KEEL
SCOTT WALKER
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
(512) 463-1551

SIAN SCHILHAB
GENERAL COUNSEL
(512) 463-1597

May 8, 2017

WILLIAM LEN RAINEY
Stiles Unit - TDC #1885507
3060 FM 3514
Beaumont, TX 77705

**Re:** RAINEY, WILLIAM LEN
**CCA No.** WR-68,056-10
**Trial Court Case No.** 22962B

Your letter has been received.  Please be advised:

IMPORTANT:   PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.

☒ To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐ Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☒ **Your application for writ of habeas corpus has been received on Friday, February 10, 2017.     The status is: DISMISSED -- NON COMPLIANT on 2/15/2017.  Specifically, applicant has filed a non-computer generated memorandum that exceeds 50 pages in length and the trial court has not granted leave to exceed the prescribed limit.**

Sincerely,

Abel Acosta, Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE WWW.TXCOURTS.GOV/CCA.ASPX

Ex Parte                              §   IN THE 91ST
                                          DISTRICT COURT OF
WILLIAM LEN RAINEY                    §   EASTLAND COUNTY, TEXAS


MOTION FOR RECONSIDERATION AND
RESUBMISSION OF APPLICANTS WRIT OF HABEUS CORPUS


Now Comes, William Len Rainey, Applicant pro se, pursuant to Texas Code of Criminal Procedure Art. 11.07, 28 U.S.C. 2254(a) and Article I of the Texas Constitution and United State Constitution stating:

### I.

The 91st District Court has the power to issue the Writ of Habeus Corpus, and **IT IS THEIR DUTY**, upon proper motion, to grant the Writ under the rules presented by law. T.C.C.P. nur 11.23

A) Applicants writ was "properly filed" by the Court Clerk on March 3, 2017, and

B) Applicants complaint memorandum was, (in part), filed on March 13, 2017, and

C) Applicants previous writ WR-68,056-10 was "dismissed" on Feb 15, 2017 which necessitated the re-filing of the writ on March 3, 2017. the clerk was notified of the dismissal.

D) To be "properly filed" means that delivery and acceptance by the Court are in compliance with applicable laws and rules governing the State Court filing.

E) The clerk erred upon submitting said application and memorandum as a "Supplemental Clerks Record" to a "dismissed" cause, the error is not in compliance with State law and correction or resubmission should be ordered.

F) The State is required to answer the application within 15 days, within 20 days the Court must make its determination. the law requires "... then the Clerk shall immediately transmit to the Court of Criminal Appeals, any answers filed, and a certificate reciting the date upon which that finding was made" T.C.C.P.11.07 §3(b)(c)

Applicants properly filed Application and Memorandum should thus be immediately transmitted to the Court of Criminal Appeals.

934 O'CLOCK A M
FILED
JUL 3 1 2017
Tessa K. Culverhouse, DISTRICT CLERK
By_____ Deputy

## II.

### Exhaustion of Remedies

Petitioners writ of habeus corpus should be properly submitted to the Court of Criminal Appeals by the Clerk and Trial Court in accordance with State Law.

1) Petitioner is required by Federal Habeus Statute outlines to "exhaust" his State remedies. Petitioner has been hindered from exhaustion by clerical error.

2) The exhaustion requirement is interpreted by the U.S. Supreme Court as follows:

"... the exhaustion doctrine is designed to give the State Courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"

O'Sullivan v. Boerckel, 526 US 835, 845 (1999)

3) Petitioner presents this Motion and Requests resubmission so that the States Highest Court may have "one full opportunity to resolve any constitutional issues by invoking one complete round of the States established appellate review process" Id

4) CAUSE AND PREJUDICE

A. The "one complete round" requirement has not been completed due solely to the following:

1. The trial court refused to allow petitioner to correct a memorandum which exceeded the page limits thereby resulting in dismissal of WR-68,056-10

2. The trial court Clerk improperly transmitted Applicants properly filed March 3, 2017 writ application and March 13, 2017 memorandum in support thereby denying the Court of Criminal Appeals "one complete round" opportunity to resolve any constitutional issues.

3. The Trial Courts, Clerks, errors work toward applicants actual and substantial disadvantage, infecting his entire trial and appellate proceedings with errors of constitutional dimensions, Habeus review is necessary.

U.S. v Frady, 456 US 152, 170 (1982)

Expansion of the Record:

"Where the facts are in dispute, a full and fair evidentiary hearing should be held in a State court, "either at the time of the trial or in a collateral proceeding" Townsend v Sain, 372 US 293, 312-313 (1963)

A) Applicants Motion for Evidentiary Hearing was filed on April 17, 2017 with his Memorandum in Support of a hearing.

B) Applicant has alleged facts that, if proved, would entitle him to relief. The clerical error and trial court rulings have prohibited the States highest Court from considering the claims in a full and fair hearing

See Townsend v Sain 372 US 293 (1963)

See also Williams v Taylor, 529 US 420 120 S Ct 1479 (2000)

C) In the alternative, Applicant requests this Honorable Court to compel TEXAS DEPT. OF FAMILY and PROTECTIVE SERVICES To produce any and all records including third party counseling records of Caitlyn Rhodey, between February 2012 and present. The requested documents are material and relevant to issues presented.

D) Denial of an Evidentiary Hearing, prohibits the States highest Court from considering the claims in a full and fair hearing.

PRAYER

Wherefore, Premises Considered, Applicant requests this Court to take notice of Clerks Certification of Records dated 3-30-17 and 4-18-17 and thereafter to issue an Order Compelling the Clerk of Said Court to re-submit applicants original application, memorandum and any appendix incorporated thereto. Applicant prays for an Evidentiary Hearing, Finding of Facts and Conclusions of Law.

Respectfully Submitted
William
Applicant

Ex Parte                         § IN THE 91ˢᵗ
                                    DISTRICT COURT OF

WILLIAM LEN RAINEY           § EASTLAND COUNTY TEXAS

## ORDER

Comes Now, Applicant/Petitioner pro se and files this Motion For
RECONSIDERATION and RESUBMISSION of Applicant's Writ of Habeas
Corpus et al

  The Court having seen, read and being duly advised on said request
after consideration of the matter now finds that:

1) Resubmission of Applicant's Writ Application, Memorandum and Appendix
   should be: _____ GRANTED   or _____ DENIED

2) Testimony and Discovery is relevant and probative to the issues presented and
   Applicants Motion For Evidentiary Hearing should be reconsidered and
   _____ GRANTED   or _____ DENIED

3) The Courts FINDS AND CONCLUDES as follows:

IT IS THEREFORE ORDERED BY THIS COURT
on the _____ day of_____, 2017

                                        _____
                                        Judge Presiding

4 of 4

ABILENE DIVISION
NORTHERN DISTRICT CLERK
P.O. Box 1218
Abilene, Tx. 79604



August 15, 2017

Re: Rainey v Davis, Director
CV: 1:17-CV-114-BL

Dear Clerk,

Please find the enclosed Memorandum in Support of Petitioners Original habeus application. Please File and attatch to the Original Petition Filed July 31, 2017. Thank You for your Services.

Respectfully,

William Rainey
William Rainey
Pet. Pro Se
TDCJ 1885507
3060 FM3514
Beaumont, Tx
77705

Filing Fee mailed Seperately by 3rd party.

Mr. William Rainey
TDCJ # 1885502
3060 FM 3514
Beaumont, Tx.
77705

Legal Mail

U.S. District Court
Office of the Clerk
P.O. Box 1218
ABILENE, Texas
79604

