IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| WILLIAM LEN RAINEY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 1:17-CV-114-BL |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of | § | |
| Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT DAVIS'S AMENDED ANSWER WITH BRIEF IN SUPPORT**

This is a habeas corpus case brought by a Texas state prisoner, William Len Rainey, under 28 U.S.C. §§ 2241, 2254. Rainey was convicted of indecency with a child sexual contact and sentenced to life imprisonment. He challenges the constitutionality of the judgment in six grounds. His petition is barred by the statute of limitations, and none if his claims have been exhausted. His petition should be dismissed with prejudice as untimely, or alternatively, without prejudice as unexhausted.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter because the judgment of conviction originated in Eastland County, Texas, within the jurisdiction of this Court. *See* 28 U.S.C. § 124(a)(3) (West 2017); 28 U.S.C. § 2241(d) (West 2017).

## PETITIONER'S ALLEGATIONS

The Director understand Rainey to raise the following grounds for relief:

1.      He is actually innocent;

2.      the prosecution failed to disclose favorable, exculpatory evidence;

3.      article 38.27 of the Code of Criminal Procedure is unconstitutional as applied to him;

4.      he was denied the right to confront and cross-examine his accuser when the State allowed the outcry witness to testify;

5.      the punishment charge allowed for a non-unanimous verdict violating the Double Jeopardy Clause; and,

6.      his trial attorney, Phillip Craig Gregory, was ineffective.

Fed. Pet. Att. at 2-4, 9; Pet. Memo. at 13-31.[1]

## GENERAL DENIAL

The Director denies each allegation of fact made by Rainey, except those supported by the record and those specifically admitted herein.

---

[1] The Director will refer to the attachment to Rainey's form petition, ECF No. 1-1, as "Fed. Pet. Att.," and the Memorandum in Support, ECF No. 10, as "Pet. Memo." and refer to the page numbers assigned by the ECF system appearing along the top of each page.

## STATEMENT OF THE CASE

### I.   Procedural History.

The Director has lawful custody of Rainey pursuant to one judgment of conviction out of Eastland County, Texas. *See* CR at 88-90.[2] Rainey was found guilty of indecency with a child, enhanced by one prior felony conviction, and sentenced to life imprisonment in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), cause number 22962 out of the 91st District Court, Eastland County, Texas. *See* CR at 88-90. The Eleventh District Court of Appeals affirmed the judgment on September 30, 2015. *See Rainey v. State*, No 11-13-00297-CR, 2015 Tex. App. LEXIS 10156, at *1 (Tex. App. – Eastland 2015). The Court of Criminal Appeals denied Rainey's petition for discretionary review (PDR) on April 13, 2016. *See Rainey v. State*, PD-1625-15, 2016 Tex. Crim. App. LEXIS 674, at *1 (Tex. Crim. App. 2016).

---

[2] "CR" refers to the Clerk's Record of papers filed in the trial court and followed by the page number. "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Petitioner's state habeas corpus proceedings. *See generally, Ex parte Rainey*, Application No. 68,056. "SHCR-__-Supp. CR" refers to any supplemental Clerk's Record. "RR" refers to the statement of facts of the jury trial in the Reporter's Record, preceded by volume number and followed by the page number. Copies of those documents contained and cited to in the Clerk's Record are contained in Exhibit A. Copies of those documents contained and cited to in SHCR-08 are contained in Exhibit B. Copies of those documents contained and cited to in SHCR-10 are provided in Exhibit C. Copies of those documents contained and cited to in the trial transcripts are provided in Exhibit D. Rainey's brief on appeal and PDR are in Exhibit E.

Rainey filed an application for a state writ of habeas corpus on June 1, 2016. *See* SHCR-08 at 34. The Court of Criminal Appeals dismissed the application on September 28, 2016 indicating: "CONVICTON NOT FINAL; MANDATE NOT ISSUED AT TIME APPLICATION FILED IN TRIAL COURT. See *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000)." *See id.* Action Taken.

Rainey filed another application for a state writ of habeas corpus on December 12, 2016. *See* SHCR-10 at 29. He filed a supporting seventy-five page memorandum and a "Motion to Exceed Page Limits." *See id.* at 31-106, 298-299 (datestamped Dec. 14, 2016). Rainey also filed another "Motion to Exceed Page Limits" in a letter dated December 28, 2016 and filestamped January 19, 2017 *See id.* at 303-307. The application was forwarded to the Court of Criminal Appeals on February 8, 2017 and received two days later. *See id.* at 1 (datestamp), 309 (clerk's certificate).

One day after the district clerk forwarded Rainey's application to the Court of Criminal Appeals, Rainey filed an amended application on February 9, 2017 in the state-habeas-trial court. In his letter filed with the amendment, he indicated that he added a fourteenth ground and that he intended to check the "parole" box appearing on the first page of the 11.07 form petition. *See* SHCR-10 Supp. CR 4-3-2017 at 3-6, 48-51 (adding ground fourteen), 10-11, 52-

4

53 (letter accompanying amended application).[3] The Court of Criminal Appeals dismissed Rainey's application on February 15, 2017 saying, "NONCOMPLIANT WITH TEX R. APP. P. 73.1" (Rule 73.1). *See id.* Action Taken; *id.* Dism'd Non-Compliant 50 page limit. In a letter dated February 21, 2017 addressed to the Honorable Stephen Herod, Rainey complained about the denial of his "'Motion for Leave to Exceed Memorandum Page Limits' pursuant to T.R.A.P. 73(d)" and the dismissal of his second application. *See* SHCR-10 Supp. CR 4-3-2017 at 13. He asked Judge Herod to resubmit his "'June 13, 2016 filed'" application, return his memorandum, and grant the motion for leave to exceed the page limit. *See id.* He also included a "Memorandum of Support of 22962-B filed 2-15-17." *See id.* at 56-97. Rainey then sent several letters to the Court of Criminal Appeals asking about his re-submitted application. *See* SHCR-10 Pro Se Ltr 2-27-2017; SHCR-10 Pro Se Ltr 4-17-2017; SHCR-10 Pro Se Ltr 5-5-2017; SHCR-10 Pro Se Ltr 5-12-2017 ("Motion for Notification of Case Status, or in the alternative, Motion for Reinstatement and Review of Habeas Writ"). In a letter dated May 12, 2017, the Court of Criminal Appeals told Rainey that his application had been dismissed on February 15, 2017. *See* SHCR-10 5-12-2017 Ltr to Rainey re dismissal.

---

[3] Rainey only checked two boxes on the original application for "conviction" and "sentence." *See* SHCR-10 at 1b. The second copy of the letter to Judge Herod and the second amended application appear to be the filestamped copies. *See* SHCR-10 Supp. CR at 48-51 (datestamped Feb. 28, 2017 and March 3, 2017), 52-53 (same).

Rainey filed his federal petition on July 25, 2017. *See* Fed. Pet. at 10. He also filed a Motion for Stay of Proceedings (Motion for Stay) on July 25, 2017. *See* Mot. for Stay of Proceedings 6; ECF No. 4.

On October 2, 2017, Rainey filed a Motion for Leave to File Objections (Motion for Leave), ECF No. 15, and his Objections, ECF No. 15-1. In his Motion for Leave, Rainey says that he saw a notice in the September 14, 2017 edition of "Eastland County Today" that there had been some activity in a case entitled, "State of Texas v. William Len Rainey, writ of habeas corpus." *See* Mot. for Leave 1. He said he did not know what that was. *See id.* at 1-2. In his Objections, Rainey complains about "the recent filing of a State Writ of Habeas Corpus by the 91st District Court." *See* Objections 1. He lists nine objections to the recent filing:

1. He argues that he has "a) fairly presented his constitutional claims to the TCCA and b) the State has had not one but three full and fair opportunities to address petitioner's constitutional claims;"

2. he believes that the Eastland County district clerk's office is attempting to sabotage his federal filing by delaying the filing of his state-habeas application;

3. he is actually innocent and the Eastland County district clerk's office is violating his Eighth Amendment rights;

4. he believes that the exhaustion requirement should be excused;

6

5.      he objects to the new filing and asks this Court to order the Court of Criminal Appeals to "take judicial notice of all properly filed" records and motions and filings and incorporate them into any future filings;

6.      he objects to the new filing and asks this Court to order the district court or the Court of Criminal Appeals to hold an evidentiary hearing;

7.      he objects to the new filing because the Director has been ordered to file a response by October 26, 2017;

8.      he wants the right to object to the Director's response before anything happens in state court; and,

9.      he says he does not want to waive his right to due process or other constitutional rights.

*See* Objections 2-3.[4]

## II.   Statement of Facts.

The following statement of facts was taken from the memorandum opinion of the Eastland Court of Appeals:

---

[4] The Director will address most of Rainey's concerns below. Concerns numbers one and four involve exhaustion of remedies. Concerns numbers two and three involve equitable tolling. This Court has addressed concerns numbers five and six in its Order Regarding Motion for Leave, To Compel, ECF No. 17. Concerns numbers seven, eight and nine appear to be directed to the Court.

The record shows that the State provided Appellant with notice that it intended to introduce the complainant's outcry statement through Officer Nickie Gonzales. The trial court held a hearing outside the presence of the jury regarding the outcry witness. At the hearing, the prosecutor and Officer Gonzales represented that the complainant, Appellant's daughter, was present and available to testify. Officer Gonzales testified that the complainant made statements to her on December 31, 2011, at the Snyder Police Department regarding being sexually abused by Appellant. To her knowledge, she was the first person that the complainant told about the abuse in serious detail. The complainant told Officer Gonzales that she and Appellant were in the kitchen, that Appellant pulled down her shirt, and that Appellant rubbed her left breast in a circular motion. The complainant told Appellant to stop, and he complied. Appellant then put his hand on the button area of her pants, and she pushed his hand away and told him to leave her alone. Appellant told her not to say anything because he would be in serious trouble. The incident occurred in Gorman. Officer Gonzales testified that the complainant was "[v]ery upset, crying, hurt." She was also very angry when she talked about Appellant touching her breast.

At the hearing, Appellant argued that the statement was not reliable because the officer was not told when the offense allegedly occurred. The trial court found that the statement met the requirements of Article 38.072, and it ruled that the outcry testimony was admissible. On appeal, Appellant contends that Officer Gonzales was not the first person to whom the complainant made an outcry statement. Instead, Appellant alleges that the complainant first told her aunt about the incident; that, as a result, her aunt called the police; and that the complainant then told Officer Gonzales what happened. However, there was no mention of the complainant's aunt during the admissibility hearing. Therefore, when the trial court made its ruling, there was no evidence before the court to suggest that Officer Gonzales was not the first person to whom the complainant described the sexual abuse in detail. Furthermore, the record at trial shows that the complainant did not tell her aunt about the abuse in great detail but, instead, just told her "[a] little bit."
. . .

Here, the complainant testified to the details of the incident. She said that, sometime around August 2011, she played in a

softball game and that, when she came home that night, she
showered. After she showered, she went to the kitchen to eat.
Appellant told her that she looked beautiful and called her over to
him. He pulled down her shirt and rubbed her breast with his
fingers in a slow circular motion. The complainant slapped his
hand away and tried to bite him. Her mom came in the kitchen for
a brief period of time to see what was going on but then left. After
her mom left, Appellant grabbed the complainant's arm and tried
to put his hand on the button of her pajama pants. She again
slapped his hand away and also tried to kick him in "the bad spot."
He told her not tell anyone because he did not want to get in
trouble. She ran to her sister's room. Several months later, she told
her aunt about the incident, and then she made a statement to
Officer Gonzales.

*Rainey*, 2015 Tex. App. LEXIS 10156, at **3-5, 7-8.

## RULE 5 STATEMENT

The Director believes that Rainey has not exhausted his state court

remedies. *See* 28 U.S.C. § 2254(b) (West 2017).  The petition is barred by the

statute of limitations. *See* 28 U.S.C. § 2244 (West 2017). The petition is not

subject to the successive petition bar. *See id.* § 2244(b). The Director reserves

the right to raise exhaustion/procedural default, however, should Rainey

contend that he raised more than the issues listed above, or should he amend

his petition with additional issues, other than those stated herein.

## STATE COURT RECORDS

Copies of Rainey's appellate and state-writ records were forwarded to

this Court under separate cover. A copy of the state-court records will not be

forwarded to Rainey. An indigent inmate is not entitled to receive a free copy

of his trial records for habeas corpus purposes. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). Copies of Exhibits A through E are being sent to Rainey.

## STATUTE OF LIMITATIONS

The petition is time barred. Rainey's petition is governed by the standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C.A. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996).

AEDPA provides that:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2017).

The judgment was entered on September 23, 2013. *See* CR at 88-90. The Eleventh District Court of Appeals affirmed the judgment on September 30, 2015. *See Rainey*, 2015 Tex. App. LEXIS 101056, at *1. The Court of Criminal Appeals denied Rainey's PDR on April 13, 2016. *See Rainey*, 2016 Tex. Crim. App. LEXIS 674, at *1. Therefore, the judgment became final ninety days later on Tuesday, June 12, 2016. *See* Sup. Ct. R. 13.1, 13.3; *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383 (1994)). His federal petition was due no later than Monday, June 12, 2017 absent statutory or equitable tolling.[5]

Rainey is not entitled to statutory tolling. While he filed his first, state-habeas application challenging cause number 22962 on June 1, 2016, *see*

---

[5] The Director has determined the finality of Rainey's judgment under section 2244(d)(1)(A). Rainey has claimed that the State withheld exculpatory evidence. *See* Fed. Pet. Att. at 2. He says the State withheld documents from the Texas Department of Family and Protective Services (TDFPS) and a 911 tape. *See id*. The withholding of exculpatory evidence might present a factual-predicate date different from the final-judgement date. *See id*. §2244(d)(1)(D). Rainey, though, says that his attorney, Gregory, "was made aware of favorable TDFPS records and available witnesses." *See* Fed. Pet. Att. at 4; Pet. Memo. at 19. According to Rainey, the evidence would show that the "child complainant repeatedly denied any sexual abuse by William Rainey." *See id*. (citing to "TEDFPS Ex. A-J 11.07 Appendix"). Gregory must have known about these recantations because he devoted his entire cross-examination of the complainant about those alleged recantations. *See* IV RR 54-67. Consequently, section 2244(d)(1)(D) does not apply in this case.

SHCR-08 at 34, it was subsequently dismissed on procedural grounds on September 28, 2016, *see id.* Action Taken (citing *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000)). An application that is dismissed because the mandate had not issued does not toll the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894-96 (5th Cir. 2004) (citing *Ex parte Johnson*, 12 S.W.3d at 473); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

Rainey filed a second, state-habeas application challenging cause number 22962 on December 12, 2016, *see* SHCR-10 at 29, but it too was dismissed on procedural grounds on February 15, 2017, *see id.* Action Taken. A state application that is dismissed for noncompliance with Rule 73.1 is not properly filed" within the meaning of § 2244(d)(2) and therefore does not cause the running of the period of limitations to be tolled. *See Wickware v. Thaler*, 404 Fed. App'x. 856, 858 (5th Cir. 2010) (holding that a state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A)); *Davis v. Quarterman*, 342 Fed. App'x 952, 953 (5th Cir. 2009) (same).[6]

---

[6] Unpublished opinions issued after January 1, 1996 are persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4)).

Rainey says that he filed a third, state-habeas application on March 3, 2017. *See* Mot. for Stay 2. He notes that the March 3rd application was made part of the -10 application, which was dismissed, by mistake and that he tried to correct the mistake by filing a motion for mandamus asking the court to correct the error. *See id.* at 3; *see also* SHCR-11 (mandamus).[7] Rainey requests a stay so he can exhaust his state court remedies. *See* Mot. for Stay 3. He indicates that he filed a Motion for Reconsideration on July 24, 2017 presumably in the -10 state-habeas application and that he has yet to receive "confirmation of filing or an order from the court." *See* Mot. for Stay 2. The Director cannot find any indication that the Motion for Reconsideration was filed either in the trial court or the Court of Criminal Appeals. If the Court of Criminal Appeals were to reinstate the "compliant" application, then Rainey's federal petition would be most likely be timely since the reinstatement would relate back to the December 12, 2016 filing date. But again, there is no indication that Rainey has filed such a document or that there are any grounds for the granting of such a motion. The stay, then, would serve no purpose since Rainey's only recourse is to file a new, state-habeas application, and the

---

[7] The only other recent activity the Director is aware of involves a writ of mandamus filed in the 91st District Court and subsequently forwarded to the Eleventh District Court of Appeals. *See* Ex. A.

limitations period will have already expired. Consequently, the Director opposes Rainey's motion for a stay.[8]

Rainey has not alleged sufficient facts that could support a finding that equitable tolling applies. He bears the burden of proof. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). He would be entitled to equitable tolling if he could show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* A "garden variety claim of excusable neglect" does not support equitable tolling. *Id.* at 651. Equitable tolling requires reasonable diligence. *Id.* at 652. "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Confusion over deadlines does not warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

---

[8] A stay is proper only in "limited circumstances" when the district court finds that: (1) there was good cause for the failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure was for purposes of delay. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court recognized, however, that staying a federal habeas corpus proceeding has the potential to undermine the AEDPA's "objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" as well as the AEDPA's "goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* That is true in this case. Rainey's petition is time-barred with or without the stay.

Rainey makes an argument for equitable tolling. *See* Pet. Memo. at 6-7. He cites to the filing and dismissals of his state-habeas applications as starting and stopping the limitations period. *See id.* at 6. Once the judgment became final on June 12, 2016, however, neither state-habeas application tolled the limitations period because both were dismissed on procedural grounds. *See Jones v. Stephens*, 541 Fed. App'x 499, 504 (5th Cir. 2013) (citing *Larry v. Dretke*, 361 F.3d 890, 892 (5th Cir. 2004)) (dismissals under Rule 73.1 do not warrant equitable tolling).

At best, Rainey's arguments about asking to refile his previously dismissed applications goes to whether Rainey was diligent. But the Director is unaware of the authority of a trial court judge to reinstate a previously-filed state-habeas application after it has been dismissed. Rainey needed to file a new, compliant application with a new signature date. He cannot rely on a state judge to "re-submit" and previously filed, non-compliant application. The lack of legal training are not extraordinary circumstances warranting equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004).

Assuming Rainey can show diligence, he cannot show that the State impeded his filing. He claims that the 91st District Clerk's Office is sabotaging his efforts to file a state-habeas application. *See* Objections 2. But there is no evidence of that. His filing errors were his own. The Director, again, is unaware

15

of any right to "re-submit" a previously filed application. The dismissal of Rainey's state-habeas applications means that they were dismissed without prejudice and had to be re-filed. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (discussing difference between "dismissal" and "denial"). He needed to file a new application and should not have relied on Judge Herod to re-submit a previously-filed application.

The only other basis for equitable tolling might be the actual-innocence exception established under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Rainey claims that he is actually innocent. *See* Objections 1. And he makes an actual-innocence claim in his federal petition. *See* Fed. Pet. Att. at 13-18; Pet. Memo. at 2. A stand-alone, actual-innocence claim is not independently cognizable in federal court. *See Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (noting that in *Herrera v. Collins,* 506 U.S. 390, 417 (1993) Supreme Court said it would not recognize independent actual-innocence claim where there was state procedure for bringing an actual-innocence claim). But the claim might be used to get around the time-bar.

In *McQuiggin*, the Supreme Court held a prisoner could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). 133 S. Ct. 1924, 1932-33 (2013). To meet the actual innocence, equitable exception to the limitations period, Rainey would have to present "new, reliable evidence"

16

that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326-27. "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 133 S. Ct. at 1928; *Schlup*, 513 U.S. at 316. When reviewing newly discovered evidence, courts should "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332); *see also McQuiggin*, 133 S. Ct. at 1928, 1936 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of the [witness's] account.").

Rainey claims that he would have acquitted "if the TDFPS records or the creators thereof had been presented to the jurors as agreed (RR V4 p.90)." *See* Fed. Pet. Att. at 15 (citing to *Schlup*, 513 U.S. at 327). The problem with his claim, however, is that it is not new. He notes that he told Gregory about the

information. *See* Fed. Pet. Att. at 4; Pet. Memo. at 19. And, as noted above, Gregory asked the complainant about her recantations. *See* IV RR 54-67. He tailored his closing argument around her recantations: "Four different people over an extended period of times, 'It did not happen.'" *See* IV RR 103-107. None of this is new. At best, the evidence Rainey points to could only have been used to impeach the complaint. Newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998). Rainey has not shown that actually innocent under *McQuiggin*.

In short, Rainey's petition is barred by the statute of limitations. There are no grounds for statutory or equitable tolling. His petition should be dismissed with prejudice.

## EXHAUSTION

Rainey's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996, (the "AEDPA"). Before filing his federal writ petition, Rainey was required to present the same legal claims and factual allegations to the Texas courts, and thereby exhaust available state court remedies. 28 U.S.C. § 2254(b)(1)(A) (West 2017).[9] A petitioner must first

---

[9] A petition for federal writ of habeas corpus will not be granted unless an applicant has exhausted state court remedies or there is either (i) an absence of state court remedies or (ii) those remedies are insufficient to protect the applicant's rights. 28 U.S.C. §2254 (b)(1)(A) & (B).

provide the highest state court a fair opportunity to apply the controlling federal constitutional principles to those same legal claims and factual allegations and, if necessary, correct alleged deprivations of federal constitutional rights before a federal court will entertain the alleged errors. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 348 (1989); *Anderson v. Harless,* 459 U.S. 4, 6 (1982); *Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001) ("The law is well established that a state prisoner seeking to raise claims in a federal petition for habeas corpus ordinarily must first present those claims to the state court and must exhaust state remedies."). The exhaustion requirement of § 2254(b) "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). In order to satisfy the exhaustion requirement of 28 U.S.C. §2254(b), (c), a Texas prisoner must fairly, and properly, present his claims to the Court of Criminal Appeals in in either a petition for discretionary review or in an application for a state writ of habeas corpus. *See Myers v. Collins,* 919 F.2d 1074, 1076 (5th Cir. 1990) (citing *Richardson v. Procunier,* 762 F.2d 429, 431-432 (5th Cir. 1985)).

    None of Rainey's claims have been exhausted. He raised two points of error on direct appeal concerning the introduction of the outcry statement

under state law. *See* Appellant's Br. Part 1 at 2 (challenging introduction of statement under article 38.072 of the Texas Code of Criminal Procedure (Article 38.072)). There was no related, confrontation-clause claim under *Crawford v. Washington*, 541 U.S. 36 (2005) included to this challenge to the introduction of the outcry statement.[10] *See id.* at 2 (Issues Presented), 3 (Index of Authorities), 10-20 (argument). And there was no challenge to the constitutionality of Article 38.072. *See id.* at 2, 3, 10-20. The two, bare Article 38.072 hearsay challenges were then advanced in the PDR along with several other claims, including a new confrontation-clause challenge under *Crawford*. *See* PDR at 7-8 (grounds for review), 9-20 (argument). There was no challenges to the constitutionality of Article 38.072. *See* PDR at 7-8 (grounds for review), 9-20 (argument). So, the only ground that Rainey could have raised in his federal petition would have been the challenge to the introduction of the outcry under Article 38.072. Rainey has not raised that issue here, though, presumably because it is not cognizable. *See Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir. 1997) ("What is and is not hearsay evidence in a state trial is governed by the relevant state law on evidence.") (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994)). As for the grounds presented for the first time

---

[10] There was no reason to challenge the outcry under *Crawford* because the complainant testified. *See* IV RR 29-68. There is no Confrontation Clause violation where the declarant testifies and is subject to cross-examination. *See California v. Green*, 399 U.S. 149, 162 (1970).

in Rainey's PDR and raised in his federal petition, those grounds, including the *Crawford* claim, were not fairly presented. *See Castille*, 489 U.S. at 351 (bringing grounds raised for the first time in an application for discretionary review does not constitute "fair presentation"). So, none of Rainey's claims have been exhausted.

The exhaustion requirement may be excused when seeking a remedy in state court would plainly be futile. *See Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999). It would not be futile for Rainey to return to state court since the -08 and -10 applications were "dismissed" on procedural grounds. *See Ex parte Johnson*, 12 S.W.3d at 473 (citing *Ex parte Torres,* 943 S.W.2d 469, 474 (Tex. Crim. App. 1997), noting that filing subsequent state-habeas application not barred under state law where prior application "dismissed"); *Ex parte Zavala*, Nos. WR-79,731-01, -02, -03, 2013 Tex. Crim. App. Unpub. LEXIS 842, at *2 (applicant may file new state-habeas application where initial application dismissed during pendency of direct appeal) (not designated for publication). All Rainey would have to do is to re-write his state-habeas application and comply with the procedural rules including the page limitations.

Exhaustion may also be excused in exceptional circumstances, including "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights" and when it would be futile to seek state remedies. *Deters v. Collins*, 985 F.2d 789, 795–96

(5th Cir. 1993). Failure to exhaust under these circumstances, however, will only be excused if the delay is "wholly and completely the fault of the state." *Id.* at 796. In this case, Rainey is at fault. He filed his first, state-habeas application (-08) then violated the rules in filing his second, state-habeas application (-10). It appears as if Rainey's attempts to cure his failures in his second, state-habeas application were the cause of the confusion. He had no right to ask Judge Herod to re-submit the -10 application. He needed to re-file it on his own.

In conclusion, the Director believes that a stay of this case or a dismissal without prejudice is unwarranted given the limitations problem. Ordinarily, that none of Rainey's claims have been exhausted warrants a dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982). But even if Rainey were to exhaust his state-court remedies, his return to federal court would be barred by the statute of limitations. And that none of Rainey's claims have been exhausted might warrant a stay if his petition were not barred by the statute of limitations. If this Court were to find Rainey's federal petition timely, then a stay might be in order to allow Rainey to exhaust his claims in state court.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this Court deny Rainey relief, dismiss his petition with prejudice, and deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFF C. MATEER
First Assistant Attorney General

ADRIENNE MCFARLAND
Deputy Attorney General for
    Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Criminal Appeals Division

/s/  Jon R. Meador
JON R. MEADOR*
Assistant Attorney General
State Bar No. 24039051

*Attorney-in-Charge

P.O. Box 12548, Capitol Station
Austin, Texas   78711
Telephone No. (512) 936-1400
Facsimile No. (512) 936-1280
Email:  jon.meador@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing

Respondent pleading and exhibits have been served by placing the same in the

United States Mail, postage prepaid, on November 17, 2017, addressed to:

William Len Rainey
TDCJ-CID 1885507
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

/s/  Jon R. Meador
JON R. MEADOR
Assistant Attorney General
