IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| WILLIAM LEN RAINEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-CV-114-C |
| ) | |
| LORIE DAVIS, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, William Len Rainey, acting *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Respondent filed copies of Petitioner's state court records and an Answer with Brief in Support. Petitioner filed a reply.

### I. BACKGROUND

The Court has reviewed the pleadings and state court records and finds the following:

1. By indictment filed on November 14, 2012, in the 91st District Court of Eastland County, Texas, Petitioner was indicted for the felony offense of indecency with a child by sexual contact, enhanced by one prior felony conviction for indecency with a child, in Case No. 22962 styled *The State of Texas v. William Len Rainey*.

2. The trial commenced on September 20, 2013, and Petitioner pleaded not guilty. On September 23, 2013, the jury found Petitioner guilty as charged in the indictment. The punishment phase of trial was held the same day and the trial court found the enhancement paragraph true and assessed punishment at life imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-ID). Judgment was pronounced on September 23, 2013.

3. Petitioner filed a notice of appeal on October 4, 2013. He raised two issues on appeal: that the trial court erred in designating an improper out-cry witness, and that the trial court erred in admitting the out-cry statement of the minor child victim.

4. In an unpublished opinion filed on September 30, 2015, the Eleventh Court of Appeals sitting in Eastland, Texas, affirmed the conviction. *Rainey v. State*, 2015 WL 6119526 (Tex. App. – Eastland 2015).

5. Petitioner filed a motion to extend the deadline for filing a Petition for Discretionary Review (PDR), which was granted. Petitioner filed his PDR on February 10, 2016, and it was refused by the Texas Court of Criminal Appeals on April 13, 2016. Mandate issued on October 12, 2016. Petitioner did not file a petition for writ of certiorari in the Supreme Court of the United States.

6. Petitioner submitted his first application for state habeas review on June 1, 2016. It was dismissed by the Texas Court of Criminal Appeals on September 28, 2016, because the mandate had not yet issued from Petitioner's PDR.

7. Petitioner filed his second application for state habeas review in the trial court on December 12, 2016. It was received by the Texas Court of Criminal Appeals on February 10, 2017, and dismissed on February 15, 2017, as noncompliant with Texas Rule of Appellate Procedure 73.1.

8. Petitioner's conviction became final on July 12, 2016, ninety days after the Texas Court of Criminal Appeals refused Petitioner's PDR.

9. Petitioner submitted the instant federal habeas petition on July 25, 2017[1] together with a Motion for Stay of Proceedings seeking leave to return to the state courts to again attempt to exhaust his claims. He raised six issues for federal habeas review:

(1) he is actually innocent;
(2) he was denied due process when the State failed to disclose material evidence;
(3) he was subjected to an unconstitutional Texas statute in violation of the ex post facto clause;
(4) his right to confront his accuser was denied because the trial court allowed testimony from an improper outcry witness;
(5) error in the jury charge allowed for a verdict on an improper basis and subjected Petitioner to double jeopardy; and
(6) he was denied effective assistance of counsel at both the trial and appellate levels.

10. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (A prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing.).

## II. DISCUSSION AND CONCLUSION

The facts of the case were summarized in the published opinion of the Eleventh Court of Appeals and such were recited in Respondent's Answer. Petitioner has provided no evidence to refute the summary; therefore, the Court shall not recite the facts again.

After carefully reviewing the state court records and the pleadings, the Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n. 12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction.").

Moreover, Respondent thoroughly discussed the issues and applicable law, and the arguments advanced by Respondent show that Petitioner is not entitled to relief for the following reasons:

1. Petitioner's claims are barred by AEDPA's one-year statute of limitations.

2. Petitioner is not entitled to equitable tolling or the actual-innocence gateway articulated in *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (relying on *Schlup v. Delo*, 513 U.S. 298 (1995).

2. Petitioner's claims are wholly unexhausted.

The Court has conducted a thorough examination of Petitioner's pleadings, the relevant state court records, and the applicable law. For the reasons set forth in Respondent's Answer, the Court finds that Petitioner's claims are unexhausted, but a stay of the federal proceedings would be futile because the Petitioner is barred by AEDPA's statute of limitations.

The Court notes that Respondent incorrectly calculated the date that Petitioner's conviction became final as June 12, 2016, rather than July 12, 2016. This mistake was also noted by the Petitioner in his Reply. However, even with the later, correct date, Petitioner's federal

3

Petition was filed thirteen days overdue. Because Petitioner has not demonstrated that he is entitled to equitable tolling or the actual-innocence-gateway articulated in *McQuiggin* and *Schlup*, his Petition must be denied as barred by the statute of limitations.

In addition, the Court finds that, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find the Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is, therefore, ORDERED:

1. Petitioner's Motion for Stay of Proceeding is DENIED.

2. The instant Petition for Writ of Habeas Corpus is DENIED and dismissed with prejudice.

3. All relief not expressly granted is denied and any pending motions are denied.

4. Any request for certificate of appealability is denied.

Dated February 21, 2018.

SAM R. CUMMINGS
Senior United States District Judge